# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**ADR**
**E-FILING**

**By Fax**

## I. (a) PLAINTIFFS

DAVID ALMEIDA, individually and on behalf of all others similarly situated

## DEFENDANTS

GOOGLE, INC., a Delaware Corporation; and DOES 1 through 250, inclusive

(b) County of Residence of First Listed Plaintiff Essex County, Mass.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See attachment

Attorney's (If Known)

**C08 02088**

**HRL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities — Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities — Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus — Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC sec. 1332(d)(2) and 28 USC sec. 1332(d)(6)

Brief description of cause:
Unjust Enrichment, Fraudulent Concealment, Violation of Calif. Bus. & Prof. Code sec. 17200 et seq.

## VII. REQUESTED IN COMPLAINT:

- [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE 4/22/2008

SIGNATURE OF ATTORNEY OF RECORD

**FILED**

Fee Paid
$1
(4)

By Fax

1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for Plaintiff
   David Almeida
8

9

2008 APR 22  A II: 47

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

ADR

E-FILING

10

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

12  DAVID ALMEIDA, individually and on
13  behalf of all others similarly situated,

14        Plaintiff,

15  vs.

16

17  GOOGLE, INC., a Delaware
    Corporation; and DOES 1 through 10,
18  inclusive,

19        Defendants.

20

**C 08    02088    HRL**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

21

22

23      Plaintiff David Almeida ("Plaintiff"), individually and on behalf of the class

24  described below, by his attorneys, makes the following allegations pursuant to the

25  investigation of his counsel and based upon information and belief except as to

26  allegations specifically pertaining to Plaintiff and his counsel, which are based on

27  personal knowledge. Plaintiff brings this action for damages and injunctive relief against

28  defendant, demanding a trial by jury.

---

**CLASS ACTION COMPLAINT**

# NATURE OF THE ACTION

1.    Plaintiff brings this class action against Google, Inc. ("Google") to recover damages and other relief available at law and in equity on behalf of himself as well as on behalf of the members of the following class:

> *All persons or entities located within the United States who*
> *bid on a keyword though AdWords, left the "CPC content*
> *bid" input blank, and were charged for content ads.*

2.    This action arises from Google's deceptive, fraudulent and unfair practice of tricking advertisers who seek on-line advertising through Google's AdWords program into bidding for a service that they do not want.

3.    Google is commonly thought simply as an Internet search engine; in fact Google's business is online advertising. Google's business model is primarily dependent on linking individuals who are searching the internet with advertisers who pay Google (and others) for each time the linkage occurs. The Google Network is the largest online advertising network in the United States.

4.    AdWords is Google's primary advertising program and is the main source of its revenue. Through AdWords, Google permits would-be advertisers to bid on words or phrases that will trigger the advertisers' ads. AdWords is premised on a pay-per-click ("PPC") model, meaning that advertisers pay only when their ads are clicked. As part of the AdWords bidding process, therefore, advertisers must set a maximum cost per click ("CPC") bid that the advertiser is willing to pay each time someone clicks on its ad. When an advertiser is choosing its CPC bid, it is also given the "option" of entering a separate bid for clicks originating from Google's "content network" which consists of sites that are not search engines. These content network sites are those that use AdSense, the other side of the Google advertising model.

5.    This action arises from the fact that Google does not inform its advertisers that if they leave the content bid CPC input blank, Google will use the advertiser's CPC bid for clicks occurring on the content network. Google does this despite the fact that ads

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 2 —

1  placed on the content network are demonstrably inferior to ads appearing on search result

2  pages. Because there is no option to opt out of content ads during the AdWords

3  registration process, advertisers reasonably believe that by leaving the content ad CPC

4  input blank they can opt out of having their ads placed on the content network. Google,

5  however, has charged and continues to charge those advertisers who leave content ad

6  CPC input blank for content ads on third party websites.

7  <center>**PARTIES**</center>

8       6.    Plaintiff David Almeida ("Plaintiff") is a resident of Essex County,

9  Massachusetts and citizen of Massachusetts. Plaintiff has previously registered for an

10  AdWords account as more particularly described herein and has also previously been

11  charged for content ads as more particularly described herein.

12       7.    Plaintiff is informed and believes and thereon alleges that defendant

13  Google, Inc. ("Google") is a Delaware Corporation doing business in the state of

14  California. Plaintiff is informed and believes and thereon alleges that there is no one

15  state where Google conducts a substantial predominance of its business, making its

16  principal place of business the state where it is headquartered. Network Solutions'

17  headquarters – and, thus, its principal place of business – are located at 1600

18  Amphitheatre Parkway, Mountain View, California. Accordingly, Defendant Google is a

19  citizen of Delaware and California.

20       8.    Plaintiff does not know the true names or capacities of the persons or

21  entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by

22  such fictitious names. Plaintiff is informed and believes and thereon alleges that each of

23  the DOE defendants is in some manner legally responsible for the damages suffered by

24  Plaintiff and the members of the class as alleged herein. Plaintiff will amend this

25  complaint to set forth the true names and capacities of these defendants when they have

26  been ascertained, along with appropriate charging allegations, as may be necessary.

27

28

<center>— 3 —</center>

<center>**CLASS ACTION COMPLAINT**</center>

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

## JURISDICTION AND VENUE

9.     This Court has diversity subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d) in that this is a civil action filed under Rule 23 of the Federal Rules of Civil Procedure and members of the class of Plaintiffs are citizens of a State different from defendant Google, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2), (6).

10.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that: (1) Google resides in this judicial district; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (3) Google is subject to personal jurisdiction in the Northern District of California.

## FACTUAL BACKGROUND

11.     Google offers advertisers two types of ads. The first is a search ad. When an Internet user uses Google to search for a specific term or term, Google will display the ads of advertisers who have bid for those particular keywords. The second type of ad is contextual based ads, or content ads. These ads are shown on third party websites that have content that matches the keywords bid on by the advertiser. For example, an ad for a hardware store may be shown on a website that has content about home improvement projects.

12.     In order to advertise with Google, advertisers must register with AdWords, Google's advertising program. The process of registering with AdWords involves an online process that begins by clicking on the "Advertising Programs" link on Google's homepage. After selecting to register with AdWords and the desired version, the advertiser moves to the initial step of the sign-up process. First, the advertiser selects the target language and geographic location. Then, the advertiser creates the ad that will be placed on Google's website or on third party websites and selects the desired keywords. The advertiser then selects the maximum daily budget and the maximum CPC bid. Here,

Kabateck Brown Kellner LLP
644 South Figueroa Street,
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 4 —

1   the advertiser has two choices, the "Default CPC bid" and the "CPC content bid". Next
2   to the "CPC content bid" input is the word "optional".

3       12.    Nowhere on this page, or anywhere in the registration process, is there the
4   option to opt-out of content ads.

5       13.    Advertisers who do not want to pay for ads placed on third party websites,
6   therefore leave the "CPC content bid" input blank, reasonably believing that the word
7   "optional" means that having content ads placed on third party websites is optional.

8       14.    Google, however, fails to inform that an advertiser who leaves this
9   "optional" input blank will nonetheless be charged for third party content ads. By
10  redefining the universally understood meaning of an input form left blank, and then
11  intentionally concealing this redefinition, Google has fraudulently taken millions of
12  dollars from Plaintiff and the members of the class.

13      15.    Plaintiff enrolled in AdWords in November 2006. Plaintiff created an
14  advertising campaign for his private investigation business. Plaintiff set the desired bids
15  for his ads, and, not wanting to pay for ads placed on third part content sites, left the CPC
16  content bid input blank. Plaintiff, like any reasonable consumer, expected that leaving an
17  input blank would indicate that he did not want to bid on content ads. This expectation
18  was supported by the fact that Plaintiff was not given the option of opting out of content
19  bids during the advertising campaign creation process.

20      16.    Despite leaving the CPC content bid input blank, Google charged Plaintiff
21  for unwanted third party content ads.

22

23                               **CLASS ALLEGATIONS**

24      13.    <u>Description of the Class</u>: Plaintiff brings this nationwide class action on
25  behalf of himself and the Class defined as follows:

26          *All persons or entities located within the United States*
27          *who bid on a keyword though AdWords, left the "CPC*
28          *content bid" input blank, and were charged for content ads.*

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 5 —

14.    Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

15.    Plaintiff reserves the right to modify the class description and the class period based on the results of discovery.

16.    <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of class members is at least in the hundreds of thousands and that the members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the court.

17.    <u>Common Questions of Law and Fact Predominate</u>:   There are many questions of law and fact common to the representative Plaintiff and the proposed Class, and those questions substantially predominate over any individualized questions that may affect individual class members. Common questions of fact and law include, but are not limited to, the following:

a.    Whether Google charges for advertisements placed on third party websites when the "optional" CPC content bid input is left blank, and whether Google discloses this material fact to consumers;

b.    Whether Google failed to disclose that when the "optional" CPC content bid input is left blank, Google will still charge for ads placed on third party websites;

MauraleCK Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

c.    Whether or not Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

d.    Whether Google engaged in unfair, unlawful and/or fraudulent business practices; and

e.    Whether Google failed to disclose material facts about the subject Google Adwords program.

18.    Typicality:  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they were charged for ads although they also left the "optional" CPC content bid blank..

19.    Adequacy of Representation:  Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interests adverse to those of the proposed Class.

20.    Superiority of a Class Action:  Plaintiff and the members of the Class have suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy as individual joinder of all members of the Class is impractical.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of

— 7 —

1  all class members' claims in a single forum. The conduct of this action as a class action

2  conserves the resources of the parties and of the judicial system, and protects the rights of

3  the class member. Furthermore, for many, if not most, Class members, a class action is

4  the only feasible mechanism that allows an opportunity for legal redress and justice.

5      21.    Adjudication of individual Class members' claims with respect to the

6  Defendant would, as a practical matter, be dispositive of the interests of other members

7  not parties to the adjudication and could substantially impair or impede the ability of

8  other Class members to protect their interests.

9

## FIRST CAUSE OF ACTION
## UNJUST ENRICHMENT

12     22.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and,

13  to the extent necessary, pleads this cause of action in the alternative.

14     23.    Through the actions described above, Google has received money

15  belonging to Plaintiff and the Class through the fees collected from ads placed on third

16  party content sites when a reasonable advertiser would have believed that leaving the

17  CPC content bid input blank meant that they would not be charged for content ads.

18     24.    Additionally, Google has reaped substantial profit by concealing the fact

19  that when left blank, the "optional" CPC content bid would be set at an amount that could

20  reach the amount bid for the search bid. Ultimately, this resulted in Google's wrongful

21  receipt of profits and injury to Plaintiff and the Class. Google has benefited from the

22  receipt of such money that it would not have received but for its concealment.

23     25.    As a direct and proximate result of Google's misconduct as set forth above,

24  Google has been unjustly enriched.

25     26.    Under principles of equity and good conscience, Google should not be

26  permitted to keep the full amount of money belonging to Plaintiff and the Class which

27  Google has unjustly received as a result of its actions.

28     WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
TEL (213) 217-5000
FAX (213) 217-5010

## SECOND CAUSE OF ACTION

### FRAUDULENT CONCEALMENT

27.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

28.     Google knew at all material times that when an advertiser left the "optional" CPC content bid input blank, that advertiser would still be charged for content ad placed on third party websites. These facts were not known to Plaintiff and the Class.

29.     Google had a duty to disclose the above known material facts because it knew that these material facts were unknown to Plaintiff and the Class, that Google was in a superior position of knowledge with regard to its own technology, and Google chose to make certain representations that presented only a part of the true story and misled consumers about the subject products.

30.     Google's knowledge that advertisers would be charged for content ads placed on third party websites even when they left the "optional" CPC content bid input blank, combined with Google's knowledge that Plaintiff and the Class relied or relies upon Google to communicate the true state of facts relating to its AdWords program creates a legal obligation on Google's part to disclose to Plaintiff and the Class that leaving the "optional" CPC content bid input blank did not mean that they were not subject to charges for ads placed on third party websites.

31.     Google intentionally concealed and/or suppressed the above facts with the intent to defraud Plaintiff and the Class.

32.     Plaintiff and the Class were unaware of the above facts and would not have acted as they did if they had known of the concealed material facts.

33.     Google's concealment of the above facts has caused damage to Plaintiff and the Class in an amount to be shown at trial.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

# THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE
## SECTIONS 17200 ET SEQ.

34.   Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

35.   Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

36.   Class members have suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

37.   Google's actions as alleged in this complaint constitute an unfair or deceptive practice within the meaning of California Business and Professions Code sections 17200 *et seq.* in that Google's actions are unfair, unlawful and fraudulent, and because Google has made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500 *et seq.*

38.   Google's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are not informed that they will be charged for ads placed on third party websites even though the "optional" CPC content bid input was left blank.

39.   Google's business practices, as alleged herein, are unlawful because the conduct constitutes fraudulent concealment, as well as the other causes of action herein alleged.

40.   Google's practices, as alleged herein, are fraudulent because they are likely to deceive consumers.

41.   Google's wrongful business acts alleged herein constituted, and constitute, a continuing course of conduct of unfair competition since Google is marketing and selling their products in a manner that is likely to deceive the public.

42.    Google's business acts and practices, as alleged herein, have caused injury to Plaintiff, the Class and the public.

43.    Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the class seek an order of this court enjoining Google from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint. Plaintiff and the Class also seek an order requiring Google to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and members of the proposed Class request that the court enter an order or judgment against Defendant as follows:

1.    Certification of the proposed Class and notice thereto to be paid by Defendant;

2.    Adjudge and decree that Defendant has engaged in the conduct alleged herein;

3.    For restitution and disgorgement on certain causes of action;

4.    For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.    For compensatory and general damages according to proof on certain causes of action;

6.    For special damages according to proof on certain causes of action;

7.    For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.    Costs of the proceedings herein;

9.    Reasonable attorneys fees as allowed by statute; and

**CLASS ACTION COMPLAINT**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

10.   Any and all such other and further relief that this Court may deem just and proper.

Dated: April 22, 2008                     KABATECK BROWN & KELLNER, LLP

By:

BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS
*Attorneys for Plaintiff and proposed class*

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 12 —
**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action.

Dated: April 22, 2008                KABATECK BROWN & KELLNER, LLP

                                     By:
                                         BRIAN S. KABATECK
                                         RICHARD L. KELLNER
                                         ALFREDO TORRIJOS
                                         *Attorneys for Plaintiff and proposed class*

**CLASS ACTION COMPLAINT**