KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
DAVID J. SILBERT - #173128
RYAN M. KENT - #220441
ALYSE BERTENTHAL - #253012
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:   (415) 397-7188

Attorneys for Defendant
GOOGLE, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID ALMEIDA, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>        v.<br><br>GOOGLE, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                                    Defendants. | Case No. C 08-02088 HRL<br><br>**DECLARATION OF ALYSE D. BERTENTHAL IN SUPPORT OF DEFENDANT GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

I, Alyse D. Bertenthal, declare:

1.      I am an attorney licensed to practice law in the State of California.  I am an associate with Keker & Van Nest, LLP, counsel for Google, Inc. ("Google"), defendant in the above-entitled action.  I submit this declaration in support of Defendant's Administrative Motion To Consider Whether Cases Should Be Related Pursuant To Civil Local Rule 3-12.  I have personal knowledge of the facts stated herein and, if called as a witness, I would testify competently thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of the April 22, 2008

DECLARATION OF ALYSE D. BERTENTHAL IN SUPPORT OF  DEFENDANT GOOGLE'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO
CIVIL LOCAL RULE 3-12
CASE NO. C 08-020888 HRL

420172.01

Complaint filed in *Almeida v. Google, Inc.*, Case No. C 08-02088.

3.      Attached hereto as Exhibit B is a true and correct copy of the June 24, 2005 Complaint filed in *Clicks Defense, Inc. v. Google, Inc.*, Case No. C 05-02579.

4.      Attached hereto as Exhibit C is a true and correct copy of the November 22, 2005 Second Amended Complaint filed in *Steven Mizera v. Google, Inc.*, Case No. 05-02885.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 27, 2008, at San Francisco, California.

/s/ *Alyse Bertenthal*
ALYSE D. BERTENTHAL
Attorneys for Defendant
GOOGLE, INC.

DECLARATION OF ALYSE D. BERTENTHAL IN SUPPORT OF DEFENDANT GOOGLE'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO
CIVIL LOCAL RULE 3-12
CASE NO. C 08-020888 HRL

420172.01

# EXHIBIT A

RECEIVED

JUN 0 9 2008

KEKER & VAN NEST

1 | BRIAN S. KABATECK, SBN 152054
(bsk@kbklawyers.com)
2 | RICHARD L. KELLNER, SBN 171416
(rlk@kbklawyers.com)
3 | ALFREDO TORRIJOS, SBN 222458
(at@kbklawyers.com)
4 | KABATECK BROWN KELLNER LLP
644 South Figueroa Street
5 | Los Angeles, California 90017
Telephone: (213) 217-5000
6 | Facsimile: (213) 217-5010

7 | Attorneys for Plaintiff
David Almeida
8

9

FILED

2008 APR 22 A 11: 47

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

ADR

E-FILING

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

12 | DAVID ALMEIDA, individually and on
13 | behalf of all others similarly situated,

14 |              Plaintiff,

15 | vs.

16 |

17 | GOOGLE, INC., a Delaware
Corporation; and DOES 1 through 10,
18 | inclusive,

19 |              Defendants.

20

CASE NO.

C08    02088    HRL

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

21

22

23        Plaintiff David Almeida ("Plaintiff"), individually and on behalf of the class

24 described below, by his attorneys, makes the following allegations pursuant to the

25 investigation of his counsel and based upon information and belief except as to

26 allegations specifically pertaining to Plaintiff and his counsel, which are based on

27 personal knowledge.  Plaintiff brings this action for damages and injunctive relief against

28 defendant, demanding a trial by jury.

CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1.     Plaintiff brings this class action against Google, Inc. ("Google") to recover damages and other relief available at law and in equity on behalf of himself as well as on behalf of the members of the following class:

> *All persons or entities located within the United States who*
> *bid on a keyword though AdWords, left the "CPC content*
> *bid" input blank, and were charged for content ads.*

2.     This action arises from Google's deceptive, fraudulent and unfair practice of tricking advertisers who seek on-line advertising through Google's AdWords program into bidding for a service that they do not want.

3.     Google is commonly thought simply as an Internet search engine; in fact Google's business is online advertising. Google's business model is primarily dependent on linking individuals who are searching the internet with advertisers who pay Google (and others) for each time the linkage occurs. The Google Network is the largest online advertising network in the United States.

4.     AdWords is Google's primary advertising program and is the main source of its revenue. Through AdWords, Google permits would-be advertisers to bid on words or phrases that will trigger the advertisers' ads. AdWords is premised on a pay-per-click ("PPC") model, meaning that advertisers pay only when their ads are clicked. As part of the AdWords bidding process, therefore, advertisers must set a maximum cost per click ("CPC") bid that the advertiser is willing to pay each time someone clicks on its ad. When an advertiser is choosing its CPC bid, it is also given the "option" of entering a separate bid for clicks originating from Google's "content network" which consists of sites that are not search engines. These content network sites are those that use AdSense, the other side of the Google advertising model.

5.     This action arises from the fact that Google does not inform its advertisers that if they leave the content bid CPC input blank, Google will use the advertiser's CPC bid for clicks occurring on the content network. Google does this despite the fact that ads

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 2 —

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel. (213) 217-5000
FAX (213) 217-5010

1   placed on the content network are demonstrably inferior to ads appearing on search result

2   pages. Because there is no option to opt out of content ads during the AdWords

3   registration process, advertisers reasonably believe that by leaving the content ad CPC

4   input blank they can opt out of having their ads placed on the content network. Google,

5   however, has charged and continues to charge those advertisers who leave content ad

6   CPC input blank for content ads on third party websites.

7                                    **PARTIES**

8        6.      Plaintiff David Almeida ("Plaintiff") is a resident of Essex County,

9   Massachusetts and citizen of Massachusetts. Plaintiff has previously registered for an

10  AdWords account as more particularly described herein and has also previously been

11  charged for content ads as more particularly described herein.

12       7.      Plaintiff is informed and believes and thereon alleges that defendant

13  Google, Inc. ("Google") is a Delaware Corporation doing business in the state of

14  California. Plaintiff is informed and believes and thereon alleges that there is no one

15  state where Google conducts a substantial predominance of its business, making its

16  principal place of business the state where it is headquartered. Network Solutions'

17  headquarters – and, thus, its principal place of business – are located at 1600

18  Amphitheatre Parkway, Mountain View, California. Accordingly, Defendant Google is a

19  citizen of Delaware and California.

20       8.      Plaintiff does not know the true names or capacities of the persons or

21  entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by

22  such fictitious names. Plaintiff is informed and believes and thereon alleges that each of

23  the DOE defendants is in some manner legally responsible for the damages suffered by

24  Plaintiff and the members of the class as alleged herein. Plaintiff will amend this

25  complaint to set forth the true names and capacities of these defendants when they have

26  been ascertained, along with appropriate charging allegations, as may be necessary.

27

28

                                    — 3 —
                          **CLASS ACTION COMPLAINT**

## JURISDICTION AND VENUE

9.     This Court has diversity subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d) in that this is a civil action filed under Rule 23 of the Federal Rules of Civil Procedure and members of the class of Plaintiffs are citizens of a State different from defendant Google, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2), (6).

10.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that: (1) Google resides in this judicial district; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (3) Google is subject to personal jurisdiction in the Northern District of California.

## FACTUAL BACKGROUND

11.    Google offers advertisers two types of ads. The first is a search ad. When an Internet user uses Google to search for a specific term or term, Google will display the ads of advertisers who have bid for those particular keywords. The second type of ad is contextual based ads, or content ads. These ads are shown on third party websites that have content that matches the keywords bid on by the advertiser. For example, an ad for a hardware store may be shown on a website that has content about home improvement projects.

12.    In order to advertise with Google, advertisers must register with AdWords, Google's advertising program. The process of registering with AdWords involves an online process that begins by clicking on the "Advertising Programs" link on Google's homepage. After selecting to register with AdWords and the desired version, the advertiser moves to the initial step of the sign-up process. First, the advertiser selects the target language and geographic location. Then, the advertiser creates the ad that will be placed on Google's website or on third party websites and selects the desired keywords. The advertiser then selects the maximum daily budget and the maximum CPC bid. Here,

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 4 —

the advertiser has two choices, the "Default CPC bid" and the "CPC content bid". Next
to the "CPC content bid" input is the word "optional".

12.    Nowhere on this page, or anywhere in the registration process, is there the
option to opt-out of content ads.

13.    Advertisers who do not want to pay for ads placed on third party websites,
therefore leave the "CPC content bid" input blank, reasonably believing that the word
"optional" means that having content ads placed on third party websites is optional.

14.    Google, however, fails to inform that an advertiser who leaves this
"optional" input blank will nonetheless be charged for third party content ads. By
redefining the universally understood meaning of an input form left blank, and then
intentionally concealing this redefinition, Google has fraudulently taken millions of
dollars from Plaintiff and the members of the class.

15.    Plaintiff enrolled in AdWords in November 2006. Plaintiff created an
advertising campaign for his private investigation business. Plaintiff set the desired bids
for his ads, and, not wanting to pay for ads placed on third part content sites, left the CPC
content bid input blank. Plaintiff, like any reasonable consumer, expected that leaving an
input blank would indicate that he did not want to bid on content ads. This expectation
was supported by the fact that Plaintiff was not given the option of opting out of content
bids during the advertising campaign creation process.

16.    Despite leaving the CPC content bid input blank, Google charged Plaintiff
for unwanted third party content ads.

## CLASS ALLEGATIONS

13.    Description of the Class: Plaintiff brings this nationwide class action on
behalf of himself and the Class defined as follows:

> All persons or entities located within the United States
> who bid on a keyword though AdWords, left the "CPC
> content bid" input blank, and were charged for content ads.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel (213) 217-5000
FAX (213) 217-5010

— 5 —

14. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

15. Plaintiff reserves the right to modify the class description and the class period based on the results of discovery.

16. <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of class members is at least in the hundreds of thousands and that the members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the court.

17. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to the representative Plaintiff and the proposed Class, and those questions substantially predominate over any individualized questions that may affect individual class members. Common questions of fact and law include, but are not limited to, the following:

a. Whether Google charges for advertisements placed on third party websites when the "optional" CPC content bid input is left blank, and whether Google discloses this material fact to consumers;

b. Whether Google failed to disclose that when the "optional" CPC content bid input is left blank, Google will still charge for ads placed on third party websites;

— 6 —
CLASS ACTION COMPLAINT

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel (213) 217-5000
FAX (213) 217-5010

'04-22-2008  Case 5:08-cv-02088-HRL    Document 1-3    Filed 04/22/2008  T-Page 7 of 13  F-295

c.    Whether or not Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

d.    Whether Google engaged in unfair, unlawful and/or fraudulent business practices; and

e.    Whether Google failed to disclose material facts about the subject Google Adwords program.

18.    Typicality:    Plaintiff's claims are typical of the claims of the members of the Class.    Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they were charged for ads although they also left the "optional" CPC content bid blank..

19.    Adequacy of Representation:    Plaintiff will fairly and adequately represent and protect the interests of the Class.    Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation.    Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.    Neither Plaintiff nor his counsel has any interests adverse to those of the proposed Class.

20.    Superiority of a Class Action:    Plaintiff and the members of the Class have suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.    A class action is superior to other available methods for the fair and efficient adjudication of the present controversy as individual joinder of all members of the Class is impractical.    Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.    Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.    The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel: (213) 217-5000
FAX (213) 217-5010

— 7 —

1    all class members' claims in a single forum. The conduct of this action as a class action

2    conserves the resources of the parties and of the judicial system, and protects the rights of

3    the class member. Furthermore, for many, if not most, Class members, a class action is

4    the only feasible mechanism that allows an opportunity for legal redress and justice.

5         21.    Adjudication of individual Class members' claims with respect to the

6    Defendant would, as a practical matter, be dispositive of the interests of other members

7    not parties to the adjudication and could substantially impair or impede the ability of

8    other Class members to protect their interests.

9

10                        **FIRST CAUSE OF ACTION**

11                           **UNJUST ENRICHMENT**

12         22.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and,

13    to the extent necessary, pleads this cause of action in the alternative.

14         23.    Through the actions described above, Google has received money

15    belonging to Plaintiff and the Class through the fees collected from ads placed on third

16    party content sites when a reasonable advertiser would have believed that leaving the

17    CPC content bid input blank meant that they would not be charged for content ads.

18         24.    Additionally, Google has reaped substantial profit by concealing the fact

19    that when left blank, the "optional" CPC content bid would be set at an amount that could

20    reach the amount bid for the search bid. Ultimately, this resulted in Google's wrongful

21    receipt of profits and injury to Plaintiff and the Class.  Google has benefited from the

22    receipt of such money that it would not have received but for its concealment.

23         25.    As a direct and proximate result of Google's misconduct as set forth above,

24    Google has been unjustly enriched.

25         26.    Under principles of equity and good conscience, Google should not be

26    permitted to keep the full amount of money belonging to Plaintiff and the Class which

27    Google has unjustly received as a result of its actions.

28         WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 8 —

## SECOND CAUSE OF ACTION

### FRAUDULENT CONCEALMENT

27.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

28.    Google knew at all material times that when an advertiser left the "optional" CPC content bid input blank, that advertiser would still be charged for content ad placed on third party websites. These facts were not known to Plaintiff and the Class.

29.    Google had a duty to disclose the above known material facts because it knew that these material facts were unknown to Plaintiff and the Class, that Google was in a superior position of knowledge with regard to its own technology, and Google chose to make certain representations that presented only a part of the true story and misled consumers about the subject products.

30.    Google's knowledge that advertisers would be charged for content ads placed on third party websites even when they left the "optional" CPC content bid input blank, combined with Google's knowledge that Plaintiff and the Class relied or relies upon Google to communicate the true state of facts relating to its AdWords program creates a legal obligation on Google's part to disclose to Plaintiff and the Class that leaving the "optional" CPC content bid input blank did not mean that they were not subject to charges for ads placed on third party websites.

31.    Google intentionally concealed and/or suppressed the above facts with the intent to defraud Plaintiff and the Class.

32.    Plaintiff and the Class were unaware of the above facts and would not have acted as they did if they had known of the concealed material facts.

33.    Google's concealment of the above facts has caused damage to Plaintiff and the Class in an amount to be shown at trial.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 9 —

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE
### SECTIONS 17200 ET SEQ.

34. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

35. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

36. Class members have suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

37. Google's actions as alleged in this complaint constitute an unfair or deceptive practice within the meaning of California Business and Professions Code sections 17200 *et seq.* in that Google's actions are unfair, unlawful and fraudulent, and because Google has made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500 *et seq.*

38. Google's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are not informed that they will be charged for ads placed on third party websites even though the "optional" CPC content bid input was left blank.

39. Google's business practices, as alleged herein, are unlawful because the conduct constitutes fraudulent concealment, as well as the other causes of action herein alleged.

40. Google's practices, as alleged herein, are fraudulent because they are likely to deceive consumers.

41. Google's wrongful business acts alleged herein constituted, and constitute, a continuing course of conduct of unfair competition since Google is marketing and selling their products in a manner that is likely to deceive the public.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 10 —

42.    Google's business acts and practices, as alleged herein, have caused injury to Plaintiff, the Class and the public.

43.    Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the class seek an order of this court enjoining Google from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint.  Plaintiff and the Class also seek an order requiring Google to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the proposed Class request that the court enter an order or judgment against Defendant as follows:

1.    Certification of the proposed Class and notice thereto to be paid by Defendant;

2.    Adjudge and decree that Defendant has engaged in the conduct alleged herein;

3.    For restitution and disgorgement on certain causes of action;

4.    For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.    For compensatory and general damages according to proof on certain causes of action;

6.    For special damages according to proof on certain causes of action;

7.    For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.    Costs of the proceedings herein;

9.    Reasonable attorneys fees as allowed by statute; and

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 11 —

10.     Any and all such other and further relief that this Court may deem just and proper.

Dated: April 22, 2008                    KABATECK BROWN & KELLNER, LLP

                                         By:

                                         BRIAN S. KABATECK
                                         RICHARD L. KELLNER
                                         ALFREDO TORRIJOS
                                         *Attorneys for Plaintiff and proposed class*

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 12 —

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2       Plaintiff hereby demands a trial by jury in the instant action.

3

4    Dated: April _22_, 2008          KABATECK BROWN & KELLNER, LLP

5

6                                    By: _____
                                         BRIAN S. KABATECK
7                                        RICHARD L. KELLNER
                                         ALFREDO TORRIJOS
8                                        *Attorneys for Plaintiff and proposed class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 13 —
CLASS ACTION COMPLAINT

# EXHIBIT B

RICHARD L. KELLNER, SBN 171416
FRANK E. MARCHETTI, SBN 203185
KABATECK BROWN KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071-3801
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

SHAWN KHORRAMI, SBN 180411
LAW OFFICES OF SHAWN KHORRAMI
14550 Haynes Street, Third Floor
Van Nuys, California 91411
Telephone: (818) 947-5111
Facsimile: (818) 947-5121

GREGORY E. KELLER (To be admitted *pro hac vice*)
DARREN T. KAPLAN (To be admitted *pro hac vice)*
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

Attorneys for Plaintiffs

E-filing

ADR Filed

JUN 2 4 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CLICK DEFENSE INC., a Colorado
corporation, Individually and on
behalf of all others similarly situated

Plaintiffs,

-against-

GOOGLE, INC., a Delaware
corporation, and DOES 1 THROUGH
100, Inclusive,

Defendants.

Case No. C05 02579

**CLASS ACTION COMPLAINT
FOR:**

**1. BREACH OF CONTRACT;
2. NEGLIGENCE;
3. UNJUST ENRICHMENT;
   AND
4. UNFAIR BUSINESS
   PRACTICES (CALIFORNIA
   BUSINESS & PROFESSIONS
   CODE 17200, ET SEQ.)**

**JURY TRIAL DEMANDED**

1

Class Action Complaint

1         Plaintiff Click Defense, Inc., by and through its attorneys, alleges the

2 following upon information and belief, except as to those allegations concerning

3 Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and

4 belief are based upon, among other things, its and/or counsels' investigation, which

5 included without limitation: (a) review and analysis of filings made by Google, Inc.

6 ("Google") with the United States Securities and Exchange Commission ("SEC");

7 (b) review and analysis of information posted by Google at

8 https://adwords.google.com/select/Login and https://www.google.com/adsense/; (c)

9 review and analysis of press releases and other publications disseminated by Google;

10 (d) review of news articles and postings on various Internet forums concerning

11 Google's "AdWords" and "AdSense" programs; and (e) review of other publicly

12 available information concerning Google. Plaintiff believes that further substantial

13 evidentiary support will exist for the allegations herein after a reasonable opportunity

14 for discovery. Many of the facts supporting the allegations contained herein are

15 known only to Google or are within its control.

16                       **SUMMARY OF CLAIMS**

17       1.      This is a class action against Google for Breach of Contract,

18 Negligence, Unjust Enrichment and Unfair Business Practices (California Business

19 & Professions Code §17200, Et Seq.). Plaintiff brings this action on behalf of itself

20 and all other persons or entities, except for Google and certain of their related parties

21 as described below, who, within the past five years, have paid money to Google for

22 advertising through Google's "AdWords" program.

23                         **THE PARTIES**

24       2.      Plaintiff Click Defense, Inc. is a corporation organized under the laws

25 of the State of Colorado with its principal place of business in Fort Collins,

26 Colorado. Plaintiff is, and was at all times herein mentioned, qualified to do

27 business in Colorado. Plaintiff is engaged in the business of providing software and

28 services designed to keep track of Pay-Per-Click advertising. Plaintiff brings this

2

1  action individually and as a class action under rule 23 of the Federal Rules of Civil

2  Procedure on behalf of all persons and/or entities that paid money to Google for

3  advertising through Google's "AdWords" program.

4      3.    Defendant Google is a corporation organized under the laws of the State

5  of Delaware, with its principal place of business in Mountain View, California,

6  which is within the Northern District of California. Google is, and was at all times

7  herein mentioned, qualified to do business in California. Google provides Internet

8  search engine services to Internet users and advertising services to individuals,

9  businesses and educational and governmental entities involved in Internet sales and

10  marketing throughout the United States.  Purchasers of such advertising services

11  presumptively include citizens of every state in the United States.

12      4.    The true names and capacities, whether individual, corporate, associate,

13  or otherwise, of Defendants named herein as DOES 1 through 100, and each of them,

14  are unknown to Plaintiff, who therefore sues said Defendants by such fictious names.

15      5.    Plaintiff will ask leave to amend this Complaint to state said

16  Defendants' true identities and capacities when the same have been ascertained.

17      6.    Each of the Defendants designated herein as DOE took part in and

18  participated with Google in all matters referred to herein and was in some manner

19  responsible for the injuries and losses suffered by Plaintiff.

20      7.    At all times herein mentioned, each of the Defendants was the agent,

21  servant, and/or employee or occupied other relationships with each of the other

22  named Defendants and at all times herein mentioned acted within the course and

23  scope of said agency and/or employment and/or other relationship and each other

24  Defendant has ratified, consented to, and approved of the acts of his agents,

25  employees, and representatives, and each actively participated in, aided and abetted,

26  or assisted one another in the commission of the wrongdoings alleged in this

27  Complaint.

28

3

Class Action Complaint

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is class action filed under rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6) exceeds the sum of $5,000,0000 exclusive of interest and costs, and a substantial number of members of the class of plaintiffs are citizens of a state different from Google.

9.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that (1) Google resides in this judicial district, (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and (3) Google is subject to personal jurisdiction in the Northern District of California.  In addition, the agreement between Google and all members of the class provides that, "[t]his Agreement must be . . . adjudicated in Santa Clara County, California," which is within the Northern District of California.

## CLASS ACTION ALLEGATIONS

10.     Alleged Class: Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of all persons and/or entities that paid money to Google for advertising through Google's "AdWords" program. Excluded from the Class are Defendants, officers and directors of the Company, members of the immediate families and each of their legal representatives, heirs, successors or assigns and any entity in which Google has or has had a controlling interest.

11.     This action is properly maintainable as a class action because:

(a)     the members of the Class for whose benefit this action is brought are dispersed throughout the United States and are so numerous that joinder of all Class members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that Class members number in the thousands.

4

1    Members of the Class may be identified from records maintained by Google and

2    may be notified of the pendency of this action by mail, using a form of notice

3    similar to that customarily used in class actions;

4    (b)    Plaintiff's claims are typical of those of the Class as all members of

5    the Class are similarly affected by Google's actionable conduct as alleged herein;

6    (c)    Plaintiff will fairly and adequately protect the interests of the Class

7    and has retained counsel competent and experienced in class action litigation

8    including class actions within the Northern District of California. Plaintiff has no

9    interests antagonistic to, or in conflict with, the Class that Plaintiff seeks to

10   represent;

11   (d)    A class action is superior to other available methods for the fair and

12   efficient adjudication of the claims asserted herein, because joinder of all

13   members is impracticable. Furthermore, because the damages suffered by

14   individual members of the Class may be relatively small, the expense and burden

15   of individual litigation make it virtually impossible for Class members to redress

16   the wrongs done to them. The likelihood of individual Class members

17   prosecuting separate claims is remote;

18   (e)    Plaintiff anticipates no difficulties in the management of this action

19   as a class action; and

20   (f)    The questions of law and fact common to the members of the Class

21   predominate over any questions affecting individual members of the Class.

22   Among the questions of law and fact common to the Class are:

23          i.    the pervasiveness of advertising "click fraud;"

24          ii.   the construction of the agreement between Google and the

25                Class;

26          iii.  Google's acts and/or omissions as alleged herein;

27

28

5

iv. whether Google's promotional and advertising materials for its "AdWords" program misrepresented and/or omitted material facts with respect to the pervasiveness of "click fraud;"

v. whether Google has breached its agreement with the class;

vi. whether Google has taken adequate measures to prevent "click fraud;"

vii. whether Google has properly accounted and for and refunded fees it has wrongfully collected from identified victims of "click fraud;" and

viii. to what extent the members of the Class have sustained damages and the proper measure of damages.

## SUBSTANTIVE ALLEGATIONS COMMON TO ALL COUNTS

### 1. Google "AdWords" and "AdSense" Programs

12.   Plaintiff alleges the following on information and belief:

13.   Google's free Internet search engine is the most widely-used Internet search engine in the world. It answers hundreds of millions of user searches and covers billions of web pages each day.

14.   Google also sells a number of products and services to individuals and business, educational and governmental entities. One of the programs Google offers to its business customers is a keyword-triggered advertising program entitled "AdWords." Google has offered this program since October 2000.

15.   Google's AdWords program permits Google's advertising customers to purchase advertising links associated with certain keywords. Google posts the links on the margins of its search engine results pages based on whichever keywords appear in user queries posted to Google's Internet search engine. Google's advertising customers pay Google based on the number of Internet users who click on these advertising links.

16. Google's advertisers select the keywords that will trigger their advertisements. Thus, for example, a computer hardware retailer might select keywords such as "computer," "hard drive," "memory," and the like. Then, whenever a user entered a search string containing any of those keywords, that retailer's paid advertisement would appear alongside the search results.

17. Advertisers make bids for the key words that will trigger their advertisements. The highest bidder for a word or phrase generally finds its ad on top of the list. Advertisers then pay Google a fee every time someone clicks on their ad. Payments average approximately 50 cents per click, but can reach over $100 for sought-after terms valuable to advertisers.

18. Google also places the AdWords text ads on other Web sites though its "AdSense" program. Under this program, relevant ads are selected based on the particular website's content. Again, Advertisers pay Google a fee every time someone clicks on their ad as displayed thorough the AdSense program. A portion of the fee the advertisers pay to Google is then remitted back to the site which displays the ad.

19. Other internet search companies besides Google offer variants on Google's AdWords program. These programs are substantially identical to Google's in that advertisers pay fees to the internet search company each time their ads are clicked. These programs are referred to generically as "pay-per-click".

20. According to Google's 2005 Annual Report, advertising revenue (which means revenue from AdWords) represents 99% of Google's total revenue in 2004.

## 2. "Click Fraud"

21. "Click Fraud" is the term the industry uses to describe when someone clicks on a search advertisement with an ill intent and with no intention of doing business with the advertiser. It is not "fraud" as such is understood at common law nor under the pleading requirements of the federal rules; rather, it merely describes purposeful clicks on advertisements for some kind of improper purpose. Perpetrators

7

of click fraud exploit the nature of pay-per-click advertising in order to increase the pay-per-click fees paid by rivals, boost the placement of their own advertisements, or to directly profit from the activity. Many of these fraudulent clickers have used software programs that automatically click on ads hundreds or thousands of times:

>    (a)    Business rivals use click fraud to drive up the advertising costs of their competitors, often to the point that they use up a competitor's budget and cause the competitor's pay-per-click advertisement to be removed from further search results, which may also boost the prominence of the fraudulent clicker's own advertisement.

>    (b)    Another form of click fraud is engaged in by companies who accept pay-per-click advertising on their websites under programs such as Google's AdSense program. These sponsoring companies engage in click fraud to increase their own commissions, which in turn also increases the amount that advertisers pay for the advertisements.

22.    Click fraud can be prevented by tracking the use of a pay-per-click advertisement, including who is clicking on the advertisement/link and how often the same individual clicks on it. Such tracking can be accomplished by computer programs that count the number of clicks originating from a single source and whether or not those clicks result in a sale. It is likely that the very computer programs that Google uses to track clicks for purposes of charging their advertisers fees could also be used to screen for fraudulent clicks.

23.    Tracking fraudulent clicks at the source—that is, the website on which the advertisement clicked on appears--is even more effective since websites that host advertisements provide tracking data to Google with every click.

24.    Google appears to be at least partially able to ascertain which "clicks" constitute "click-fraud," insofar as it has provided a small number of rebates to advertisers who have complained of being victims of click fraud.

8

Class Action Complaint

25.     Google is in a unique position to track click fraud that originates though its own AdSense program since these sites are affiliates of Google and the entire process takes place within the closed-end Google universe of internet links.

### 3.  The Pervasiveness of Click Fraud

26.     Click fraud is a rampant problem in the pay-per-click advertising business.  Some analysts believe that as many as 20% of clicks are fraudulent.

27.     In December 2004, Google's chief financial officer, George Reyes, characterized click fraud as, "the biggest threat to the Internet economy."

28.     However, in a meeting with analysts in February Google co-founder, Sergey Brin downplayed Reyes's comments.

### 4.  Google's Failure to Disclose the Pervasiveness of Click Fraud

29.     Google disclosed the following in its 2005 Annual Report:

*If we fail to detect click-through fraud, we could lose the confidence of our advertisers, thereby causing our business to suffer.*

We are exposed to the risk of fraudulent clicks on our ads by persons seeking to increase the advertising fees paid to our Google Network members. We have regularly refunded revenue that our advertisers have paid to us and that was later attributed to click-through fraud, and we expect to do so in the future. Click-through fraud occurs when a person clicks on a Google AdWords ad displayed on a web site in order to generate the revenue share payment to the Google Network member rather than to view the underlying content. If we are unable to stop this fraudulent activity, these refunds may increase. If we find new evidence of past fraudulent clicks we may have to issue refunds retroactively of amounts previously paid to our Google Network members. This would negatively affect our profitability, and these types of fraudulent activities could hurt our brand. If fraudulent clicks are not detected, the affected advertisers may experience a reduced return on their investment in our advertising programs because the

9

fraudulent clicks will not lead to potential revenue for the advertisers. This could lead the advertisers to become dissatisfied with our advertising programs, which could lead to loss of advertisers and revenue.

30.     In this context, and given the fact that 99% of its revenue is derived from AdWords there is little doubt why Google will not disclose its own estimate of the number of fraudulent clicks its advertisers pay for.

31.     Nevertheless, Google knows, and at all relevant times hereto has known, that click fraud is rampant in its AdWords program and that the advertisements it sold and sells to Plaintiff and the class are worth significantly less than the amount which plaintiff and the Class have bid for key words and have consequently paid to Google for clicks.

32.     Google has failed to take any significant measures to track or prevent click fraud, and fails to adequately warn its existing and potential customers about the existence of click fraud.

33.     When customers become the victims of click fraud, Google fails to (a) adequately advise them that they have been victimized, and (b) refund them the excess charges that they have incurred as a result of the fraudulent click activity.

34.     Google has an inherent conflict of interest in preventing click fraud since it derives the same amount of income from each fraudulent click as it does from each legitimate click.

### 5. Google's Agreement with the Class

35.     All AdWords advertisers enter into the "Google Inc. AdWords Program Terms" (the "AdWords Program Terms"). The AdWords Program Terms are revised from time-to-time, but remain identical in substance. All AdWords advertisers are required to accept these new Terms and Conditions in order to advertise with the AdWords program. A copy of the "AdWords Program Terms," is annexed hereto as Exhibit "A" and made a part hereof.

36. Pursuant to the "AdWords Program Terms," advertisers "shall be charged based on actual clicks …." A fraudulent click is not, however, an "actual click," not only within the meaning of "AdWords Program Terms" but pursuant to industry practices and Google's own practices as demonstrated by the limited refunds Google has made to advertisers who have complained of being victims of click fraud.

37. Every member of the Class is a party to the AdWords Program Terms.

38. The AdWords Program Terms provide that the agreement is to be "governed by California law." Therefore, a single body of substantive state law applies to this action such that a nationwide class may be certified.

## FACTUAL BACKGROUND

39. On or around January 21, 2005, Click Defense entered into a written form contract with Google for the placement of a pay-per-click advertisement to be displayed as a sponsored link. Click Defense successfully bid $3 for the display of Click Defense's advertisement and a link to Click Defense's website whenever a user of Google's search engine searched for the key words "click fraud." Other than the amount of Click Defense's bid, Click Defense was not permitted to negotiate the specific terms of the contract – the terms were offered by Google on a take it or leave it basis.

40. Between January 21, 2005 and the present, Click Defense became the victim of click fraud.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

41. Plaintiff repeats and realleges each of the preceding paragraphs, as if set forth fully herein.

42. Pursuant to the "AdWords Program Terms," advertisers "shall be charged based on actual clicks …." A fraudulent click is not an "actual click," not only within the meaning of "AdWords Program Terms" but pursuant to industry

11

1  practices and Google's own practices as demonstrated by the limited refunds Google

2  has made to advertisers who have complained of being victims of click fraud.

3      43.    Further, the AdWords Program Terms contains and contained an

4  implied covenant of good faith and fair dealing that Google would not do anything

5  that would have the effect of injuring the right of plaintiff and the Class to receive

6  the benefits of the contract.

7      44.    Google breached its contracts with Plaintiff and the Class, and the

8  covenant of good faith and fair dealing, by collecting fees from plaintiff and the

9  Class for click fraud even though Google knew, or should have reasonably known,

10  that the clicks were not "actual clicks" but rather purposeful clicks made for an

11  improper purpose.

12      45.    As a direct and proximate result of Google's breach of the covenant of

13  good faith and fair dealing, plaintiff and the Class have been damaged in an amount

14  to be determined at trial but in excess of an aggregated amount of $5,000,000.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE)

17      46.    Plaintiff repeats and realleges each of the preceding paragraphs, as if

18  set forth fully herein.

19      47.    Google owes and owed a duty to plaintiff and the Class to monitor its

20  AdWords program for click fraud and to protect plaintiff and the Class from click

21  fraud to ensure that Plaintiff and the Class were charged only for "actual clicks."

22      48.    Google has breached its duty to plaintiff and the Class by failing to

23  adequately monitor its AdWords program for click fraud and to protect plaintiff and

24  the Class from click fraud, and by charging plaintiff and the Class for purposeful

25  clicks on search advertisements made for an improper purpose.

26      49.    As a proximate result of Google's breach of their duties owed to

27  plaintiff and the Class, plaintiff and the Class have been damaged in an amount to be

28  determined at trial but in excess of an aggregated amount of $5,000,000.

12

1

2

## THIRD CAUSE OF ACTION

## (UNJUST ENRICHMENT)

3       50.  Plaintiff repeats and realleges each of the preceding paragraphs, as if set

4   forth fully herein.

5       51.  Google has received and retains money belonging to plaintiff and the

6   Class resulting from clicks made for an improper purpose, i.e., fraudulent clicks.

7       52.  Under principles of equity and good conscience, Google should not be

8   permitted to retain the money belonging to plaintiff and the Class which Google has

9   unjustly received as a result of its actions.

10

11

12

## FOURTH CAUSE OF ACTION

## (UNFAIR BUSINESS PRACTICES)

## (BUSINESS & PROFESSIONS CODE 17200, ET SEQ.)

13       53.  Plaintiff repeats and realleges each of the preceding paragraphs, as if set

14   forth fully herein.

15       54.  As described above, the Agreement between Google and plaintiff and

16   the Class provides that the Agreement shall be governed by California law.

17   California <u>Business & Professions Code</u> § 17200 provides that "unfair competition

18   shall mean and include any unlawful, unfair or fraudulent business act or practice."

19       55.  Google's conduct in charging Plaintiff and the class for fraudulent

20   clicks, as alleged hereinabove, violated California <u>Business & Professions Code</u>,

21   section 17200, et seq. because it was an unlawful, unfair and/or fraudulent business

22   act and practice.

23       56.  As a proximate result of Google's conduct alleged herein, both Plaintiff

24   and the class have sustained pecuniary loss.

25       57.  Unless restrained by this Court, Defendant Goggle will continue to

26   engage in the unlawful, unfair, and/or fraudulent business acts or practices alleged

27   above, in violation of Section 17200 of the <u>Business and Professions Code</u>, thus

28   tending to render judgment in the instant action ineffectual.  Plaintiff has no

13

1  adequate remedy at law, in that Defendant will continue to engage in such practices,

2  as alleged above, in violation of Section 17200 of the Business and Professions

3  Code, thus engendering a multiplicity of judicial proceedings.

4      58.    Plaintiff and the Class are entitled to the disgorgement of any profits

5  Google obtained as a result of charging plaintiff and the Class for fraudulent clicks,

6  restitution of any monies plaintiff and the Class paid for clicks that could be

7  determined to be fraudulent, and attorneys' fees as provided by California Code of

8  Civil Procedure, section 1021.5.

9                              **PRAYER FOR RELIEF**

10      WHEREFORE, plaintiff Click Defense, individually and on behalf of all those

11  similarly situated, prays for judgment against Google as follows:

12      i.    Allowing this action to be brought as a class action;

13      ii.    Awarding Plaintiff and the Class damages for Google's breach of

14  contract in an amount to be determined at trial but not less than an aggregate amount

15  in excess of $5,000,000;

16      iii.    Awarding Plaintiff and the Class damages for Google's

17  negligence in an amount to be determined at trial but not less than an aggregate

18  amount in excess of $5,000,000;

19      iv.    Requiring Google to return Plaintiff's and the Class's money in

20  the amount in which Google has been unjustly enriched;

21      vii.    Awarding Plaintiff and the Class injunctive relief and restitution

22  for Google's violation of the Business & Professions Code section 17200;

23      viii.    Awarding Plaintiff and the Class pre- and post-judgment interest

24  as allowed by law;

25      ix.    Awarding counsel for Plaintiff and the Class reasonable

26  attorneys' fees and costs;

27      x.    Awarding Plaintiff and the Class declaratory and injunctive relief

28  requiring Google to disclose the true extent of click fraud and to credit all members

14

Class Action Complaint

1  of the class for any clicks that were the result of click fraud; and

2      xi.    Granting such other and further relief that this Court may deem

3  just and proper.

4

5

6

7  Dated: June 23, 2005                      KABATECK BROWN KELLNER LLP

8

9

10                                     By: _____

11                                         Frank E. Marchetti
                                           Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  K:\Cases\Pay Per Click\GOOGLE\PLEADINGS\Google Complaint (FINAL).doc

28

15

**Google Inc. AdWords Program Terms**

These Google Inc. AdWords Program Terms ("**Terms**") are entered into by you and Google Inc. ("**Google**") regarding the Google AdWords Program ("**Program**") as further described in the Program's frequently asked questions at https://adwords.google.com/support/bin/index.py?fulldump=1 (the "**FAQs**") (collectively, the "**Agreement**"). "You" or "you" means the party listed on the account you create and you represent you have the authority to agree to this Agreement for that party. You represent and warrant that you are authorized to act on behalf of, and bind to this Agreement, any third party for which you generate ads. You hereby agree and acknowledge:

**1  Policies.** Program use is subject to all applicable Google and Partner policies, including without limitation the Editorial Guidelines (adwords.google.com/select/guidelines.html), Google Privacy Policy (www.google.com/privacy.html) and Trademark Guidelines (www.google.com/permissions/trademarks.html). Policies may be modified any time. You shall direct only to Google communications regarding your ads on Partner Properties. Some Program features are identified as "Beta," "Ad Experiment," or otherwise unsupported ("**Beta Features**"). Beta Features are provided "as is" and at your option and risk. You shall not disclose to any third party any information from, existence of or access to Beta Features. Google may modify ads to comply with any Google Property or Partner Property policies.

**2  The Program.** You are solely responsible for all: (a) keywords and ad targeting options (collectively "**Targets**") and all ad content and ad URLs ("**Creative**"), whether generated by or for you; and (b) web sites proximately reachable from Creative URLs and your services and products (collectively "**Services**"). You shall protect your passwords and take full responsibility for your own, and third party, use of your accounts. Ads may be placed on (y) any content or property provided by Google ("**Google Property**"), and unless opted-out by you (z) any other content or property provided by a third party ("**Partner**") upon which Google places ads ("**Partner Property**"). Google or Partners may reject or remove any ad or Target for any or no reason. You may independently cancel online any campaign at any time (such cancellation is generally effective within 24 hours). Google may cancel immediately any IO, the Program or these Terms at any time with notice (additional notice is not required to cancel a reactivated account). Google may modify the Program or these Terms at any time without liability and your use of the Program after notice that Terms have changed indicates acceptance of the Terms. Sections 1, 2, 4,

/10

**EXHIBIT A**

5, 6 and 7 will survive any expiration or termination of this Agreement.

**3  Prohibited Uses.** You shall not, and shall not authorize any party to:
(a) generate automated, fraudulent or otherwise invalid impressions or
clicks; or (b) advertise anything illegal or engage in any illegal or fraudulent
business practice in any state or country where your ad is displayed. You
represent and warrant that (x) all your information is correct and current;
(y) you hold and grant Google and Partners all rights to copy, distribute
and display your ads and Targets ("**Use**"); and (z) such Use and websites
linked from your ads (including services or products therein) will not violate
or encourage violation of any applicable laws. Violation of these policies
may result in immediate termination of this Agreement or your account
without notice and may subject you to legal penalties and consequences.

**4  Disclaimer and Limitation of Liability.** GOOGLE DISCLAIMS ALL
WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT
LIMITATION FOR NONINFRINGEMENT, MERCHANTABILITY AND
FITNESS FOR ANY PURPOSE. Google disclaims all guarantees
regarding positioning or the levels or timing of: (i) costs per click, (ii) click
through rates, (iii) delivery of any impressions on any Partner Property or
Google Property or sections of such properties, (iv) clicks or (v)
conversions for any ads or Targets. EXCEPT FOR INDEMNIFICATION
AMOUNTS PAYABLE TO THIRD PARTIES HEREUNDER AND YOUR
BREACHES OF SECTION 1, TO THE FULLEST EXTENT PERMITTED
BY LAW: (a) NEITHER PARTY WILL BE LIABLE FOR ANY
CONSEQUENTIAL, SPECIAL, INDIRECT, EXEMPLARY, PUNITIVE, OR
OTHER DAMAGES WHETHER IN CONTRACT, TORT OR ANY OTHER
LEGAL THEORY, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH
DAMAGES AND NOTWITHSTANDING ANY FAILURE OF ESSENTIAL
PURPOSE OF ANY LIMITED REMEDY; AND (b) EACH PARTY'S
AGGREGATE LIABILITY TO THE OTHER IS LIMITED TO AMOUNTS
PAID OR PAYABLE TO GOOGLE BY YOU FOR THE AD GIVING RISE
TO THE CLAIM. Except for payment, neither party is liable for failure or
delay resulting from a condition beyond the reasonable control of the party,
including but not limited to acts of God, government, terrorism, natural
disaster, labor conditions and power failures.

**5  Payment.** You shall be charged based on actual clicks or other billing
methods you may choose online (e.g. cost per impression). You shall pay
all charges in the currency selected by you via your online AdWords
account, or in such other currency as is agreed to in writing by the parties.
Charges are exclusive of taxes. You are responsible for paying (y) all taxes
and government charges, and (z) reasonable expenses and attorney fees

/7

**EXHIBIT A**

Google incurs collecting late amounts. You waive all claims relating to charges unless claimed within 60 days after the charge (this does not affect your credit card issuer rights). Charges are solely based on Google's click measurements. Refunds (if any) are at the discretion of Google and only in the form of advertising credit for Google Properties. You acknowledge and agree that any credit card and related billing and payment information that you provide to Google may be shared by Google with companies who work on Google's behalf, such as payment processors and/or credit agencies, solely for the purposes of checking credit, effecting payment to Google and servicing your account. Google may also provide information in response to valid legal process, such as subpoenas, search warrants and court orders, or to establish or exercise its legal rights or defend against legal claims. Google shall not be liable for any use or disclosure of such information by such third parties.

**6  Indemnification.** You shall indemnify and defend Google, its agents, affiliates, and licensors from any third party claim or liability (including without limitation reasonable legal fees) arising out of your Program use, Targets, Creative and Services and breach of the Agreement.

**7  Miscellaneous.** The Agreement must be construed as if both parties jointly wrote it, governed by California law except for its conflicts of laws principles and adjudicated in Santa Clara County, California. The Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof. You may grant approvals, permissions and consents by email, but any modifications by you to the Agreement must be made in a writing (not including email) executed by both parties. Any notices to Google must be sent to: Google Inc., AdWords Program, 1600 Amphitheatre Parkway, Mountain View, CA 94043, USA, with a copy to Legal Department, via first class or air mail or overnight courier, and are deemed given upon receipt. Notice to you may be effected by sending email to the email address specified in your account, or by posting a message to your account interface, and is deemed received when sent (for email) or no more than 15 days after having been posted (for messages in your AdWords interface). A waiver of any default is not a waiver of any subsequent default. Unenforceable provisions will be modified to reflect the parties' intention, and remaining provisions of the Agreement will remain in full effect. You may not assign any of your rights hereunder and any such attempt is void. Google and you and Google and Partners are not legal partners or agents, but are independent contractors.

*April 19, 2005*

*18*

EXHIBIT A

# EXHIBIT C

1  RICHARD L. KELLNER, SBN 171416
   FRANK E. MARCHETTI, SBN 203185
2  KABATECK BROWN KELLNER LLP
   350 South Grand Avenue, 39th Floor
3  Los Angeles, California 90071-3801
   Telephone: (213) 217-5000
4  Facsimile:   (213) 217-5010

5  SHAWN KHORRAMI, SBN 180411
   LAW OFFICES OF SHAWN KHORRAMI
6  14550 Haynes Street, Third Floor
   Van Nuys, California 91411
7  Telephone: (818) 947-5111
   Facsimile: (818) 947-5121

8
   GREGORY E. KELLER (To be Admitted *pro hac vice*)
9  DARREN T. KAPLAN (Admitted *pro hac vice)*
   CHITWOOD HARLEY HARNES LLP
10 2300 Promenade II
   1230 Peachtree Street, N.E.
11 Atlanta, Georgia 30309
   Telephone: (404) 873-3900
12 Facsimile: (404) 876-4476

13 Attorneys for Plaintiffs

14

15                 UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17

18                      SAN JOSE DIVISION

19

20 STEVE MIZERA., An Individual,      ) Case No. C 05-02885 RMW
   Individually and on behalf of all  )
21 others similarly situated          ) **SECOND AMENDED CLASS**
                                       ) **ACTION COMPLAINT FOR:**
22                                     )
                    Plaintiffs,        )     **1. BREACH OF CONTRACT;**
23                                     )        **AND**
          -against-                    )     **2. UNFAIR BUSINESS**
24                                     )        **PRACTICES (CALIFORNIA**
   GOOGLE, INC., a Delaware            )        **BUSINESS & PROFESSIONS**
25 corporation, and DOES 1 THROUGH     )        **CODE 17200, ET SEQ.)**
   100, Inclusive,                     )
26                                     ) **HON. RONALD M. WHYTE**
                    Defendants.        )
27                                     )
                                       )
28 _____ )

                              1

Plaintiff Steve Mizera., by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief are based upon, among other things, his and/or counsels' investigation, which included without limitation: (a) review and analysis of filings made by Google, Inc. ("Google") with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of information posted by Google at https://adwords.google.com/select/Login and https://www.google.com/adsense/; (c) review and analysis of press releases and other publications disseminated by Google; (d) review of news articles and postings on various Internet forums concerning Google's "AdWords" and "AdSense" programs; and (e) review of other publicly available information concerning Google. Plaintiff believes that further substantial evidentiary support will exist for the allegations herein after a reasonable opportunity for discovery. Many of the facts supporting the allegations contained herein are known only to Google or are within its control.

## SUMMARY OF CLAIMS

1.     This is a class action against Google for Breach of Contract and Unfair Business Practices (California Business & Professions Code §17200, Et Seq.). Plaintiff brings this action on behalf of himself and all other persons or entities, except for Google and certain of their related parties as described below, who, within the past five years, have paid money to Google for advertising through Google's "AdWords" program.

## THE PARTIES

2.     Plaintiff Steve Mizera is an individual residing in the city of West Sacramento in the County of Yolo, State of California. Plaintiff is engaged in the business of selling panoramic pictures on the internet. Plaintiff brings this action individually and as a class action under rule 23 of the Federal Rules of Civil

2

1  Procedure on behalf of all persons and/or entities that paid money to Google for

2  advertising through Google's "AdWords" program.

3        3.      Defendant Google is a corporation organized under the laws of the State

4  of Delaware, with its principal place of business in Mountain View, California,

5  which is within the Northern District of California. Google is, and was at all times

6  herein mentioned, qualified to do business in California. Google provides Internet

7  search engine services to Internet users and advertising services to individuals,

8  businesses and educational and governmental entities involved in Internet sales and

9  marketing throughout the United States.  Purchasers of such advertising services

10 presumptively include citizens of every state in the United States.

11       4.      The true names and capacities, whether individual, corporate, associate,

12 or otherwise, of Defendants named herein as DOES 1 through 100, and each of them,

13 are unknown to Plaintiff, who therefore sues said Defendants by such fictious names.

14       5.      Plaintiff will ask leave to amend this Complaint to state said

15 Defendants' true identities and capacities when the same have been ascertained.

16       6.      Each of the Defendants designated herein as DOE took part in and

17 participated with Google in all matters referred to herein and was in some manner

18 responsible for the injuries and losses suffered by Plaintiff.

19       7.      At all times herein mentioned, each of the Defendants was the agent,

20 servant, and/or employee or occupied other relationships with each of the other

21 named Defendants and at all times herein mentioned acted within the course and

22 scope of said agency and/or employment and/or other relationship and each other

23 Defendant has ratified, consented to, and approved of the acts of his agents,

24 employees, and representatives, and each actively participated in, aided and abetted,

25 or assisted one another in the commission of the wrongdoings alleged in this

26 Complaint.

27

28

Second Amended Class Action Complaint

## JURISDICTION AND VENUE

8.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is class action filed under rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6) exceeds the sum of $5,000,0000 exclusive of interest and costs, and a substantial number of members of the class of plaintiffs are citizens of a state different from Google.

9.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that (1) Google resides in this judicial district, (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and (3) Google is subject to personal jurisdiction in the Northern District of California.  In addition, the agreement between Google and all members of the class provides that, "[t]his Agreement must be . . . adjudicated in Santa Clara County, California," which is within the Northern District of California.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of all persons and/or entities that paid money to Google for advertising through Google's "AdWords" program. Excluded from the Class are Defendants, officers and directors of the Company, members of the immediate families and each of their legal representatives, heirs, successors or assigns and any entity in which Google has or has had a controlling interest.

11.    This action is properly maintainable as a class action because:

(a)    the members of the Class for whose benefit this action is brought are dispersed throughout the United States and are so numerous that joinder of all Class members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that Class members number in the thousands. Members of the Class may be identified from records maintained by Google and

4

1    may be notified of the pendency of this action by mail, using a form of notice

2    similar to that customarily used in class actions;

3           (b)    Plaintiff's claims are typical of those of the Class as all members of

4    the Class are similarly affected by Google's actionable conduct as alleged herein;

5           (c)    Plaintiff will fairly and adequately protect the interests of the Class

6    and has retained counsel competent and experienced in class action litigation

7    including class actions within the Northern District of California. Plaintiff has no

8    interests antagonistic to, or in conflict with, the Class that Plaintiff seeks to

9    represent;

10          (d)    A class action is superior to other available methods for the fair and

11   efficient adjudication of the claims asserted herein, because joinder of all

12   members is impracticable.  Furthermore, because the damages suffered by

13   individual members of the Class may be relatively small, the expense and burden

14   of individual litigation make it virtually impossible for Class members to redress

15   the wrongs done to them.  The likelihood of individual Class members

16   prosecuting separate claims is remote;

17          (e)    Plaintiff anticipates no difficulties in the management of this action

18   as a class action; and

19          (f)    The questions of law and fact common to the members of the Class

20   predominate over any questions affecting individual members of the Class.

21   Among the questions of law and fact common to the Class are:

22            i.   the pervasiveness of advertising "click fraud;"

23           ii.   the construction of the agreement between Google and the

24                 Class;

25          iii.   Google's acts and/or omissions as alleged herein;

26          iv.  whether Google's promotional and advertising materials for its

27                 "AdWords" program misrepresented and/or omitted material

28                 facts with respect to the pervasiveness of "click fraud;"

v.   whether Google has breached its agreement with the class;

vi.   whether Google has taken adequate measures to prevent "click fraud;"

vii.   whether Google has properly accounted and for and refunded fees it has wrongfully collected from identified victims of "click fraud;" and

viii. to what extent the members of the Class have sustained damages and the proper measure of damages.

## SUBSTANTIVE ALLEGATIONS COMMON TO ALL COUNTS

### 1. Google "AdWords" and "AdSense" Programs

12.   Plaintiff alleges the following on information and belief:

13.   Google's free Internet search engine is the most widely-used Internet search engine in the world. It answers hundreds of millions of user searches and covers billions of web pages each day.

14.   Google also sells a number of products and services to individuals and business, educational and governmental entities. One of the programs Google offers to its business customers is a keyword-triggered advertising program entitled "AdWords." Google has offered this program since October 2000.

15.   Google's AdWords program permits Google's advertising customers to purchase advertising links associated with certain keywords. Google posts the links on the margins of its search engine results pages based on whichever keywords appear in user queries posted to Google's Internet search engine. Google's advertising customers pay Google based on the number of Internet users who click on these advertising links.

16.   Google's advertisers select the keywords that will trigger their advertisements.  Thus, for example, a computer hardware retailer might select keywords such as "computer," "hard drive," "memory," and the like. Then, whenever

a user entered a search string containing any of those keywords, that retailer's paid advertisement would appear alongside the search results.

17.    Advertisers make bids for the key words that will trigger their advertisements.  The highest bidder for a word or phrase generally finds its ad on top of the list.  Advertisers then pay Google a fee every time someone clicks on their ad.  Payments average approximately 50 cents per click, but can reach over $100 for sought-after terms valuable to advertisers.

18.    Google also places the AdWords text ads on other Web sites though its "AdSense" program.  Under this program, relevant ads are selected based on the particular website's content.  Again, Advertisers pay Google a fee every time someone clicks on their ad as displayed thorough the AdSense program.  A portion of the fee the advertisers pay to Google is then remitted back to the site which displays the ad.

19.    Other internet search companies besides Google offer variants on Google's AdWords program.  These programs are substantially identical to Google's in that advertisers pay fees to the internet search company each time their ads are clicked.  These programs are referred to generically as "pay-per-click".

20.    According to Google's 2005 Annual Report, advertising revenue (which means revenue from AdWords) represents 99% of Google's total revenue in 2004.

## 2. "Click Fraud"

21.    "Click Fraud" is the term the industry uses to describe when someone clicks on a search advertisement with an ill intent and with no intention of doing business with the advertiser.  It is not "fraud" as such is understood at common law nor under the pleading requirements of the federal rules; rather, it merely describes purposeful clicks on advertisements for some kind of improper purpose.  Perpetrators of click fraud exploit the nature of pay-per-click advertising in order to increase the pay-per-click fees paid by rivals, boost the placement of their own advertisements, or

Second Amended Class Action Complaint

1   to directly profit from the activity.  Many of these fraudulent clickers have used

2   software programs that automatically click on ads hundreds or thousands of times:

3       (a)    Business rivals use click fraud to drive up the advertising costs of

4   their competitors, often to the point that they use up a competitor's budget and

5   cause the competitor's pay-per-click advertisement to be removed from further

6   search results, which may also boost the prominence of the fraudulent clicker's

7   own advertisement.

8       (b)    Another form of click fraud is engaged in by companies who accept

9   pay-per-click advertising on their websites under programs such as Google's

10  AdSense program.  These sponsoring companies engage in click fraud to increase

11  their own commissions, which in turn also increases the amount that advertisers

12  pay for the advertisements.

13      22.    Click fraud can be prevented by tracking the use of a pay-per-click

14  advertisement, including who is clicking on the advertisement/link and how often the

15  same individual clicks on it.  Such tracking can be accomplished by computer

16  programs that count the number of clicks originating from a single source and

17  whether or not those clicks result in a sale.  It is likely that the very computer

18  programs that Google uses to track clicks for purposes of charging their advertisers

19  fees could also be used to screen for fraudulent clicks.

20      23.    Tracking fraudulent clicks at the source—that is, the website on which

21  the advertisement clicked on appears--is even more effective since websites that host

22  advertisements provide tracking data to Google with every click.

23      24.    Google appears to be at least partially able to ascertain which "clicks"

24  constitute "click-fraud," insofar as it has provided a small number of rebates to

25  advertisers who have complained of being victims of click fraud.

26      25.    Google is in a unique position to track click fraud that originates though

27  its own AdSense program since these sites are affiliates of Google and the entire

28  process takes place within the closed-end Google universe of internet links.

Second Amended Class Action Complaint

### 3.  The Pervasiveness of Click Fraud

26.    Click fraud is a rampant problem in the pay-per-click advertising business.  Some analysts believe that as many as 20% of clicks are fraudulent.

27.    In December 2004, Google's chief financial officer, George Reyes, characterized click fraud as, "the biggest threat to the Internet economy."

28.    However, in a meeting with analysts in February Google co-founder, Sergey Brin downplayed Reyes's comments.

### 4.  Google's Failure to Disclose the Pervasiveness of Click Fraud

29.    Google disclosed the following in its 2005 Annual Report:

*If we fail to detect click-through fraud, we could lose the confidence of our advertisers, thereby causing our business to suffer.*

We are exposed to the risk of fraudulent clicks on our ads by persons seeking to increase the advertising fees paid to our Google Network members. We have regularly refunded revenue that our advertisers have paid to us and that was later attributed to click-through fraud, and we expect to do so in the future. Click-through fraud occurs when a person clicks on a Google AdWords ad displayed on a web site in order to generate the revenue share payment to the Google Network member rather than to view the underlying content. If we are unable to stop this fraudulent activity, these refunds may increase. If we find new evidence of past fraudulent clicks we may have to issue refunds retroactively of amounts previously paid to our Google Network members. This would negatively affect our profitability, and these types of fraudulent activities could hurt our brand. If fraudulent clicks are not detected, the affected advertisers may experience a reduced return on their investment in our advertising programs because the fraudulent clicks will not lead to potential revenue for the advertisers. This could lead the advertisers to become dissatisfied with our advertising programs, which could lead to loss of advertisers and revenue.

9

30.     In this context, and given the fact that 99% of its revenue is derived from AdWords there is little doubt why Google will not disclose its own estimate of the number of fraudulent clicks its advertisers pay for.

31.     Nevertheless, Google knows, and at all relevant times hereto has known, that click fraud is rampant in its AdWords program and that the advertisements it sold and sells to Plaintiff and the class are worth significantly less than the amount which plaintiff and the Class have bid for key words and have consequently paid to Google for clicks.

32.     Google has failed to take any significant measures to track or prevent click fraud, and fails to adequately warn its existing and potential customers about the existence of click fraud.

33.     When customers become the victims of click fraud, Google fails to (a) adequately advise them that they have been victimized, and (b) refund them the excess charges that they have incurred as a result of the fraudulent click activity.

34.     Google has an inherent conflict of interest in preventing click fraud since it derives the same amount of income from each fraudulent click as it does from each legitimate click.

## 5. Google's Agreement with the Class

35.     All AdWords advertisers enter into the "Google Inc. AdWords Program Terms" (the "AdWords Program Terms"). The AdWords Program Terms are revised from time-to-time, but remain identical in substance. All AdWords advertisers are required to accept these new Terms and Conditions in order to advertise with the AdWords program. A copy of the "AdWords Program Terms," is annexed hereto as Exhibit "A" and made a part hereof.

36.     Pursuant to the "AdWords Program Terms," advertisers "shall be charged based on actual clicks ...." A fraudulent click is not, however, an "actual click," not only within the meaning of "AdWords Program Terms" but pursuant to industry practices and Google's own practices as demonstrated by the limited

10

1  refunds Google has made to advertisers who have complained of being victims of

2  click fraud.

3      37.    Every member of the Class is a party to the AdWords Program Terms.

4      38.    The AdWords Program Terms provide that the agreement is to be

5  "governed by California law." Therefore, a single body of substantive state law

6  applies to this action such that a nationwide class may be certified.

7                    **FACTUAL BACKGROUND**

8      39.    In or around March of 2005, Steve Mizera entered into a written form

9  contract with Google for the placement of a pay-per-click advertisement to be

10  displayed as a sponsored link. Steve Mizera successfully bid $.05 for the display of

11  Steve Mizera's advertisement and a link to Steve Mizera's website whenever a user

12  of Google's search engine searched for the key words "Yellowstone Post Cards," as

13  well as other similar phrases. Other than the amount of Steve Mizera's bid, Steve

14  Mizera was not permitted to negotiate the specific terms of the contract – the terms

15  were offered by Google on a take it or leave it basis.

16      40.    Between March, 2005 and the present, Steve Mizera became the victim

17  of click fraud.

18                    **FIRST CAUSE OF ACTION**

19                    **(BREACH OF CONTRACT)**

20      41.    Plaintiff repeats and realleges each of the preceding paragraphs, as if set

21  forth fully herein.

22      42.    Pursuant to the "AdWords Program Terms," advertisers "shall be

23  charged based on actual clicks …." A fraudulent click is not an "actual click," not

24  only within the meaning of "AdWords Program Terms" but pursuant to industry

25  practices and Google's own practices as demonstrated by the limited refunds Google

26  has made to advertisers who have complained of being victims of click fraud.

27      43.    Further, the AdWords Program Terms contains and contained an

28  implied covenant of good faith and fair dealing that Google would not do anything

---

11

Second Amended Class Action Complaint

1 | that would have the effect of injuring the right of plaintiff and the Class to receive
2 | the benefits of the contract.

3 |     44.    Google breached its contracts with Plaintiff and the Class, and the
4 | covenant of good faith and fair dealing, by collecting fees from plaintiff and the
5 | Class for click fraud even though Google knew, or should have reasonably known,
6 | that the clicks were not "actual clicks" but rather purposeful clicks made for an
7 | improper purpose.

8 |     45.    As a direct and proximate result of Google's breach of the covenant of
9 | good faith and fair dealing, plaintiff and the Class have been damaged in an amount
10 | to be determined at trial but in excess of an aggregated amount of $5,000,000.

11 | **SECOND CAUSE OF ACTION**
12 | **(UNFAIR BUSINESS PRACTICES)**
13 | **(BUSINESS & PROFESSIONS CODE 17200, ET SEQ.)**

14 |     46.    Plaintiff repeats and realleges each of the preceding paragraphs, as if set
15 | forth fully herein.

16 |     47.    As described above, the Agreement between Google and plaintiff and
17 | the Class provides that the Agreement shall be governed by California law.
18 | California Business & Professions Code § 17200 provides that "unfair competition
19 | shall mean and include any unlawful, unfair or fraudulent business act or practice."

20 |     48.    Google's conduct in charging Plaintiff and the class for fraudulent
21 | clicks, as alleged hereinabove, violated California Business & Professions Code,
22 | section 17200, et seq. because it was an unlawful, unfair and/or fraudulent business
23 | act and practice.

24 |     49.    As a proximate result of Google's conduct alleged herein, both Plaintiff
25 | and the class have sustained pecuniary loss.

26 |     50.    Unless restrained by this Court, Defendant Goggle will continue to
27 | engage in the unlawful, unfair, and/or fraudulent business acts or practices alleged
28 | above, in violation of Section 17200 of the Business and Professions Code, thus

12

1  tending to render judgment in the instant action ineffectual.  Plaintiff has no

2  adequate remedy at law, in that Defendant will continue to engage in such practices,

3  as alleged above, in violation of Section 17200 of the <u>Business and Professions</u>

4  <u>Code</u>, thus engendering a multiplicity of judicial proceedings.

5      51.    Plaintiff and the Class are entitled to the disgorgement of any profits

6  Google obtained as a result of charging plaintiff and the Class for fraudulent clicks,

7  restitution of any monies plaintiff and the Class paid for clicks that could be

8  determined to be fraudulent, and attorneys' fees as provided by California <u>Code of</u>

9  <u>Civil Procedure</u>, section 1021.5.

## <u>PRAYER FOR RELIEF</u>

11      WHEREFORE, plaintiff Click Defense, individually and on behalf of all those

12  similarly situated, prays for judgment against Google as follows:

13          i.    Allowing this action to be brought as a class action;

14          ii.   Awarding Plaintiff and the Class damages for Google's breach of

15  contract in an amount to be determined at trial but not less than an aggregate amount

16  in excess of $5,000,000;

17          iii.  Awarding Plaintiff and the Class injunctive relief and restitution

18  for Google's violation of the Business & Professions Code section 17200;

19          iv.   Awarding Plaintiff and the Class pre- and post-judgment interest

20  as allowed by law;

21          v.    Awarding counsel for Plaintiff and the Class reasonable

22  attorneys' fees and costs;

23          vi.   Awarding Plaintiff and the Class declaratory and injunctive relief

24  requiring Google to disclose the true extent of click fraud and to credit all members

25  of the class for any clicks that were the result of click fraud; and

26          vii.  Granting such other and further relief that this Court may deem

27  just and proper.

28

---

13

Dated: November 22, 2005                CHITWOOD HARLEY HARNES LLP


By: _____
        Darren T. Kaplan
        Attorneys for Plaintiffs

14