BRIAN S. KABATECK, SBN 152054
(bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416
(rlk@kbklawyers.com)
ALFREDO TORRIJOS, SBN 222458
(at@knklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for Plaintiff
and the Proposed Class

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DAVID ALMEIDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  CV 08-02088 RMW<br><br>**JOINT RULE 26(F) REPORT**<br><br><u>Initial Status Conference</u><br>Date:  August 15, 2008<br>Time:  10:30 a.m.<br>Before:  Honorable Ronald M. Whyte |

## JOINT RULE 26(F) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff David Almeida ("Plaintiff") and Defendant Google Inc. ("Defendant" or "Google") hereby jointly submit this Rule 26(f) Report. The parties met and conferred on July 25, 2008, pursuant to Rule 26 of the Federal Rules of Civil Procedure. During this

meeting, they discussed Rule 26 initial disclosures and discovery.  This Joint Report was prepared based on those discussions.

**A.     PLAINTIFF'S STATEMENT OF THE CASE**

Plaintiff brings this class action against Google Inc. ("Google") to recover damages and other relief available at law and in equity on behalf of himself as well as on behalf of the members of the following class:

> *All persons or entities located within the United States who bid on a keyword though AdWords, left the "CPC content bid" input blank, and were charged for content ads.*

The Complaint alleges misrepresentations related to Google's AdWords online advertising program when it fails to notify potential advertisers that leaving the supposedly optional "CPC content bid" input blank on the signup webpage will result in charges for ads on the "content network." Unlike the ads placed on Google's web search results, ads on the "content network" are placed on less desirable third party websites. Many online advertisers do not want their ads on third party websites and therefore chose to leave the optional "CPC content bid" box empty, not realizing that this would automatically generate bids for ads on third party websites.

By tricking advertisers who seek on-line advertising through Google's AdWords program into bidding for a service that they do not want, Google is causing damage to the class in an amount equal to the charges generated from the unwanted ads displayed on the "content network".  Plaintiff brings the following three causes of action:  (1) unjust enrichment; (2) fraudulent concealment; (3) and violation of California Business & Professions Code Section 17200, et seq.

/ / /

**B.    GOOGLE'S STATEMENT OF THE CASE**

Google denies Plaintiff's allegations. In particular, and without limitation, Google denies that its AdWords program was confusing as alleged by Plaintiff. Google further contends that it complied with all applicable regulations and statutes. Its conduct was neither unfair nor unlawful. Additionally, Google contends that this case is inappropriate for class-action treatment. Google will raise additional defenses after it has had the opportunity to learn the basis for Plaintiff's claims.

**C.    RULE 26 INITIAL DISCLOSURES**

Plaintiff made the initial disclosures required by Rule 26 on August 8, 2008. The parties have agreed that Defendant Google will serve its Rule 26 initial disclosures no later than September 15, 2008.

**D.    DISCOVERY SUBJECTS, COMPLETION AND PHASING**

The parties anticipate discovery may be needed concerning: (1) issues of class certification (including, numerosity, adequacy, typicality and commonality); (2) the identity of all AdWords customers who left the "CPC content bid" input blank; (3) the design and/or testing of the AdWords bidding process; (4) the marketing of the AdWords program; (5) disclosures made concerning the bidding process for AdWords; and (6) damages. By identifying these categories, the parties do not concede that all such information is discoverable or necessary.

The parties propose the following discovery schedule:

| | |
|---|---|
| November 2, 2009 | Non-expert discovery cut-off |
| November 9, 2009 | Expert opening reports |
| November 23, 2009 | Expert opposition reports |
| December 7, 2009 | Expert reply reports |

December 14, 2009      Expert discovery cut-off

The parties do not believe that an order phasing or limiting discovery upon particular issues is necessary.

### E.   DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties have agreed to serve all filings in this action by electronic mail (by .pdf, .tif, or Word format) if the service, including attachments, consists of 200 or fewer pages.  For service of larger filings, the parties may effect service by overnight mail, as long as courtesy copies of the operative pleading, motion, or discovery response are served electronically on the same date.  The parties agree that Google may effect electronic service of documents in this action by serving the following attorneys of record for Plaintiffs: Richard L. Kellner (rlk@kbklawyers.com), and Alfredo Torrijos (at@kbklawyers.com).  The parties further agree that Plaintiff may effect electronic service of documents in this action by serving the following attorneys of record for Google: David J. Silbert (dsilbert@kvn.com) and Alyse Bertenthal (abertenthal@kvn.com).

Additionally, the parties anticipate that discovery in this case will involve the production of documents and electronically stored information ("ESI").  The parties agree to meet and confer in good faith in an effort to avoid the need for any formal motions related to discovery of documents or ESI.

### F.   ISSUES RELATING TO CLAIMS OF PRIVILEGE

Discovery in this action may involve trade secrets.  During the meet and confer on July 25, 2008, the parties agreed to negotiate a stipulated Protective Order that will govern the production of confidential materials (including documents and other information) in this action.  The parties agree to meet and confer in good faith in an effort to reach agreement concerning the contents of an appropriate protective

order.

### G.   CHANGES TO LIMITATIONS ON DISCOVERY

The parties have agreed to change the limit on depositions made by F.R.Civ.P. 30(a)(2)(A)(i) from a maximum of ten depositions to an equivalent maximum hourly quota of 70 hours to be used at the discretion of each party.

### H.   PROPOSED CLASS CERTIFICATION BRIEFING SCHEDULE

The parties stipulate and agree, and request that the Court approve, the following briefing schedule for Plaintiff's anticipated motion for class certification:

| Date | Event |
| --- | --- |
| April 3, 2009 | Last day for Plaintiff to file and serve: (1) expert report(s) on class certification; and (2) motion for class certification. |
| May 8, 2009 | Last day for Defendant to file and serve: (1) expert report(s) on class certification; and (2) opposition to motion for class certification. |
| May 22, 2009 | Last day for Plaintiff to file and serve reply in support of motion for class certification. |
| June 19, 2009 | Hearing on motion for class certification. |

/ / /

/ / /

/ / /

**I.   ALTERNATIVE DISPUTE RESOLUTION**

The Court has ordered mediation as the ADR process. The parties request that the Court extend the presumptive deadline for mediation until they have conducted substantial discovery. The parties agree to hold mediation by June 9, 2009.

DATED: August 8, 2008    By:  _____/s/_____

**KABATECK BROWN KELLNER LLP**
Brian S. Kabateck
Richard L. Kellner
Alfredo Torrijos
*Counsel for Plaintiff and the proposed class*

DATED: August 8, 2008    By:  _____/s/_____

**KEKER AND VAN NEST LLP**
Daralyn J. Durie
David J. Silbert
Ryan M. Kent
Alyse D. Bertenthal
*Counsel for Defendant Google Inc.*

**CERTIFICATION OF SERVICE**

I, Alfredo Torrijos, hereby certify that on August 8, 2008, I caused the foregoing document titled **JOINT RULE 26(F) REPORT** to be electronically filed and served upon the persons named below via the ECF system.

This document is available for review and downloading from the EFC system.

Daralyn J. Durie
David J. Silbert
Ryan M. Kent
Alyse Bertenthal
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Defendant*
*GOOGLE, INC.*

Dated: August 8, 2008              By:      /s/
                                        Alfredo Torrijos

**CERTIFICATE OF SERVICE**