```
 1  COOLEY GODWARD KRONISH LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
 2  LEO P. NORTON (216282) (lnorton@cooley.com)
    4401 Eastgate Mall
 3  San Diego, CA  92121
    Telephone:    (858) 550-6000
 4  Facsimile:    (858) 550-6420

 5  Attorneys for Defendant
    GOOGLE INC.[1]
 6

 7
                        UNITED STATES DISTRICT COURT
 8
                       NORTHERN DISTRICT OF CALIFORNIA
 9
                              SAN JOSE DIVISION
10

11

12  DAVID ALMEIDA, individually and on        Case No.  08-cv-02088 RMW (PVT)
    behalf of all others similarly situated,
13                                            ADMINISTRATIVE MOTION TO
                   Plaintiff,                 CONSIDER WHETHER PUTATIVE
14                                            CLASS ACTION CASES AGAINST
          v.                                  GOOGLE INC. REGARDING
15                                            ADWORDS ADVERTISING
    GOOGLE, INC. a Delaware Corporation; and  PROGRAM SHOULD BE RELATED
16  DOES 1 through 10, inclusive,             (Civil L.R. 3-12 & 7-11)

17                 Defendants.
```

---

[1] KEKER & VAN NEST LLP attorneys Daralyn J. Durie, David J. Silbert, Ryan M. Kent, and Alyse Bertenthal are counsel of record for Google Inc. in this case, and have already appeared in this action. COOLEY GODWARD KRONISH LLP ("Cooley") and its attorneys listed above are counsel for Google Inc. in the three actions sought to be related with this action. Civil Local Rule 3-12 requires that this motion be made in the first filed action, which is this action, and therefore the Cooley attorneys make this motion in this case on Google's behalf.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
08-CV-02088 RMW (PVT)

## I. INTRODUCTION

Pursuant to Civil Local Rules 3-12 and 7-11, Defendant Google Inc. ("Google") respectfully requests that this action be related to three later-filed, substantially similar putative class actions against Google recently filed in this district that, like this action, concern Google's AdWords advertising program. The four related putative class actions are:

- *David Almeida v. Google, Inc.*, Case No. C 08-02088-RMW ("*Almeida* case");
- *Hal K. Levitte v. Google, Inc.*, Case No. C 08-03369-JW ("*Levitte* case");
- *RK West, Inc. v. Google, Inc.*, Case No. C 08-03452-RMW ("*RK West* case"); and
- *Pulaski & Middleman, LLC v. Google Inc.*, Case No. C 08-03888-SI ("*Pulaski* case").[2]

These four putative class actions are related because they concern substantially the same parties as well as substantially the same transactions or events and there is the potential for unduly burdensome duplication and conflicting results if not related. Judicial and party economy and the Civil Local Rules dictate that the cases should be related and that the cases not already assigned to the Honorable Ronald M. Whyte—the *Levitte* and *Pulaski* cases—should be reassigned to him.

## II. THE FOUR GOOGLE ADWORDS PUTATIVE CLASS ACTIONS ARE RELATED

Civil Local Rule 3-12 states that actions are related when "[t]he actions concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Here, the four Google AdWords putative class actions easily satisfy the definition for related cases.

### A. Substantially the Same Parties.

Google is the sole named defendant in all four putative class actions, and therefore the cases concern the same defendant. Norton Declaration, Exhibits 1-4.

---

[2] A copy of the *Almeida* case Complaint is attached as Exhibit 1 to the Declaration of Leo P. Norton in Support of Administrative Motion to Consider Whether Putative Class Action Cases Against Google Inc. Regarding AdWords Advertising Program Should Be Related ("Norton Declaration"). A copy of the *Levitte* case Complaint is attached as Exhibit 2 to the Norton Declaration. A copy of the *RK West* case Complaint is attached as Exhibit 3 to the Norton Declaration. A copy of the *Pulaski* case complaint is attached as Exhibit 4 to the Norton Declaration.

Also, the four putative class actions assert similar or overlapping classes of plaintiffs:

- *Almeida* case: "All persons or entities located within the United States who bid on a keyword though [sic] AdWords, left the 'CPC content bid' input blank, and were charged for content ads." *Almeida* case Complaint, ¶ 13 (italics omitted);

- *Levitte* case: "All persons or entities located within the United States who, within four years of the filing of this complaint, had an AdWords account with Google and who were charged for advertisements appearing on parked domain and/or error page websites." *Levitte* case Complaint, ¶ 42;

- *RK West* case: "All persons or entities located within the United States who created an AdWords campaign and were subsequently charged for clicks from ads placed on parked domains." *RK West* case Complaint, ¶ 1 (italics omitted); and

- *Pulaski* case: "All persons or entities located within the United States who, within four years preceding the filing of this Complaint, contracted for and participated in Google's AdWords program." *Pulaski* case Complaint, ¶ 115.

Because each case asserts a putative class of Google AdWords customers, the putative classes overlap or are completely encompassed by one another.[3] Accordingly, the cases also concern substantially the same putative plaintiffs.

**B.    Substantially the Same Transactions or Events.**

All four putative class actions arise from and relate to the named plaintiffs' and putative class members' contractual relationship with Google for Google's AdWords advertising program:

- *Almeida* case: "This action arises from Google's deceptive, fraudulent and unfair practice of tricking advertisers who seek on-line advertising through Google's AdWords program into bidding for a service that they do not want." *Almeida* case Complaint, ¶ 2;

- *Levitte* case: "This is a class action against defendant Google, Inc. ('Google') for

---

[3] For example, a putative class member in the *Almeida* case would also be in the *Pulaski* case putative class, which is broadly defined to include *all* AdWords customers, and might also be in both the *Levitte* case and *RK West* case putative classes if charged for an advertisement appearing on a parked domain webpage.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
08-CV-02088 RMW (PVT)

violation of Business & Professions Code Section 17200 and 17500 and unjust enrichment in connection with Google's AdWords program for Internet advertisers. Plaintiff alleges that Google has concealed from and/or misrepresented material information to plaintiff and the class concerning the Google AdWords program." *Levitte* case Complaint, ¶ 1;

- *RK West* case: "This action arises from Google's deceptive, fraudulent and unfair practice of hiding the sources of invalid clicks from advertisers who seek on-line advertising through Google's AdWords." *RK West* case Complaint, ¶ 2; and

- *Pulaski* case: "This case is about Defendant Google's fraudulent, unfair and deceptive business practices in connection with its AdWords advertising program ('AdWords')." *Pulaski* case Complaint, ¶ 1.

Although the *Almeida* case challenges alleged charges for clicks occurring on the content network when the "CPC input" is left blank, while the *Levitte*, *RK West*, and *Pulaski* cases challenge alleged charges for clicks for advertisements placed on parked domain or error page websites, each of the cases arise from and involve the same subject matter—Google's AdWords advertising program. All the actions involve and require an understanding of Google's advertising program, Google's contractual relationship with the named plaintiffs and putative class members, AdWords, the AdWords bidding process, the way advertisements are displayed and where they are displayed, and the fees that Google charges and how those fees are charged. *Compare* Norton Declaration, Exhibits 1-4, generally. Additionally, all the actions assert claims based on the same legal theories of unjust enrichment and alleged violation of California Business and Professions code section 17200 arising from the Google AdWords advertising program. *Almeida* case Complaint, ¶¶ 22-26, 34-43; *Levitte* case Complaint, ¶¶ 54-78, 86-91; *RK West* case Complaint, ¶¶ 25-29, 37-46; *Pulaski* case Complaint, ¶¶ 140-165, 172-177.

The four Google AdWords putative class actions are also related because they concern substantially the same transactions or events.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
08-CV-02088 RMW (PVT)

### C. Potential for Unduly Burdensome Duplication of Labor and Expense and Potential for Conflicting Rulings.

If the four Google AdWords class actions are not related, and are instead conducted before three different judges, the actions will potentially result in unduly burdensome duplication of labor and cause Google great expense. Three different judges would be tasked with resolving the same or similar issues relating to the pleadings, discovery, class certification, dispositive motions, and trial. Moreover, Google would be subjected to significant defense costs four times over, including, but not limited to, in potentially filing motions attacking the pleadings or for summary judgment, opposing class certification, propounding and responding to duplicative discovery, and at trial. Because all the cases arise from Google's AdWords advertising program, discovery in the four cases will likely involve overlapping witnesses and documents. Also, as the cases are all putative class actions involving substantially the same subject matter, the potential exists for conflicting rulings on, at a minimum, class certification. Transferring cases that concern substantially the same subject matter or that involve overlapping putative classes to a single judge is well recognized to result in judicial and party economy and to ensure consistent rulings. *See*, *In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1367 (J.P.M.L. 2003); *In re Res. Exploration, Inc. Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980); *In re Plumbing Fixtures,* 308 F. Supp. 242, 244 (J.P.M.L. 1970). The four Google AdWords putative class actions should be related to avoid unduly burdensome duplication and conflicting rulings.

### D. The Plaintiffs' Anticipated Opposition To This Motion Should Be Rejected.

Based on the *RK West* case plaintiff's counsel's preemptive conduct in filing its own improper administrative motion to relate all but the *Almeida* case before Judge Ware[4] and on

---

[4] On August 25, 2008, Google's counsel sent all plaintiffs' counsel a meet and confer letter attempting to reach a stipulation that the cases at issue in this motion are related as required under Civil Local Rule 7-11. Norton Declaration, Exhibit 5. The *Levitte* case plaintiff's counsel, purportedly on behalf of all plaintiffs, requested a one-week extension to respond to September 3, 2008, and then later that day stated they would respond by Thursday, August 28. Norton Declaration, Exhibit 6. Having not yet received a response the morning of Tuesday, September 2, Google's counsel again demanded a response. Norton Declaration, Exhibit 7. Later that day, Google's counsel received by mail the *RK West* case plaintiff's improper administrative motion to relate the cases except for the *Almeida* case, and learned by examining the docket that the motion

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
08-CV-02088 RMW (PVT)

communications with other plaintiffs' counsel, Google anticipates that all plaintiffs will oppose this motion on the grounds that the *Almeida* case is different because it challenges a different aspect of the Google AdWords program. Plaintiffs' argument should be rejected if made because the *Almeida* case is *substantially similar*, which is all that is required. There is no requirement that the cases be identical. Also, plaintiffs overlook that there is the potential for unduly burdensome duplication or conflicting results.

The *Almeida* case, like the *Levitte*, *RK West*, and *Pulaski* cases, asserts claims against Google based on alleged issues with Google's AdWords advertising program. The claims are based on the same legal theories—unjust enrichment and California Business and Professions Code section 17200. The cases involve overlapping putative class of Google AdWords customers. The only difference between the cases is the aspect of the AdWords advertising program being challenged. But that difference is insubstantial, and does not avoid the potential for unduly burdensome duplication of labor and expense in document and deposition discovery directed at Google's AdWords advertising program and the contracts that govern that program or conflicting results regarding at a minimum class certification.

## III. CONCLUSION

The four putative class actions against Google relating to its AdWords advertising program are related. Consequently, Google respectfully requests that the four actions be related before the Honorable Ronald M. Whyte.

Dated: September 4, 2008         COOLEY GODWARD KRONISH LLP
                                 MICHAEL G. RHODES (116127)
                                 LEO P. NORTON (216282)

                                 By:  _____/s/Leo P. Norton_____
                                              Leo P. Norton

                                 Attorneys for Defendant GOOGLE INC.

---

had actually been filed in the *RK West* case on Friday, August 29. The motion is improper for several reasons as fully set forth in Google's opposition to that motion. Google's opposition to that administrative motion and the declaration in support thereof is incorporated by reference as though fully set forth herein. A copy of the opposition is attached as Exhibit 8 and a copy of the declaration in support thereof is attached as Exhibit 9 to the Norton Declaration.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
08-CV-02088 RMW (PVT)

# CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2008, I electronically filed the foregoing **ADMINISTRATIVE MOTION TO CONSIDER WHETHER PUTATIVE CLASS ACTION CASES AGAINST GOOGLE INC. REGARDING ADWORDS ADVERTISING PROGRAM SHOULD BE RELATED** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

- **Alyse Deborah Bertenthal**
  abertenthal@kvn.com,efiling@kvn.com,kxs@kvn.com
- **Daralyn J. Durie**
  ddurie@kvn.com,efiling@kvn.com,smitra@kvn.com,sbrock@kvn.com,dmiller@kvn.com
- **Brian S. Kabateck**
  bsk@kbklawyers.com
- **Ryan Marshall Kent**
  rkent@kvn.com,mcanales@kvn.com,efiling@kvn.com
- **David Jason Silbert**
  djs@kvn.com,efiling@kvn.com,aap@kvn.com
- **Alfredo Torrijos**
  at@kbklawyers.com,icd@kbklawyers.com

I also hereby certify that I caused the foregoing document to be personally delivered by consigning the document(s) to an authorized courier and/or process server for hand delivery on this 4th day of September, 2008 to the following listed addresses.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
08-CV-02088 RMW (PVT)

| | | |
|---|---|---|
| 1 | Guido Saveri | Terry Gross |
| 2 | R. Alexander Saveri<br>Cadio Zirpoli | Adam C. Belsky<br>Monique Alonso |
| 3 | Saveri & Saveri Inc.<br>111 Pine Street | Gross Belsky Alonso LLP<br>180 Montgomery Street |
| 4 | Suite 1700<br>San Francisco, CA 94111 | Suite 2200<br>San Francisco, CA 94104 |
| 5 | *Attorneys for Plaintiff Pulaski & Middleman,*<br>*LLC* | *Attorneys for Plaintiff Pulaski & Middleman,*<br>*LLC* |
| 6 | | |
| 7 | Brian S. Kabateck | Erik Swen Syverson |
| 8 | Richard L Kellner<br>Alfredo Torrijos | Pick & Boydston, LLP<br>1000 Wilshire Boulevard |
| 9 | Kabateck Brown Kellner, LLP<br>644 S. Figueroa Street | Suite 600<br>Los Angeles, CA 90017 |
| 10 | Los Angeles, CA 90017<br>*Attorneys for Plaintiff RK West, Inc.* | *Attorneys for Plaintiff RK West, Inc.* |
| 11 | *Attorneys for Plaintiff David Almeida* | *Attorneys for Plaintiff David Almeida* |
| 12 | | |
| 13 | Robert C. Schubert<br>Willem F. Jonckheer | Hon. Susan Illston<br>United States District Court |
| 14 | Kimberly Ann Kralowec<br>Schubert Jonckheer Kolbe & Kralowec LLP | Northern District of California<br>450 Golden Gate Ave. |
| 15 | Three Embarcadero Center<br>Suite 1650 | Courtroom 10, 19th Floor<br>San Francisco, CA 94102 |
| 16 | San Francisco, CA 94111 | **COURTESY COPY** |
| 17 | *Attorneys for Plaintiff Hal K. Levitte* | *Pulaski & Middleman, LLC v. Google Inc.,*<br>*Case No. 08-cv-03888* |
| 18 | | |
| 19 | Hon. Ronald M. Whyte<br>United States District Court | Hon. James Ware<br>United States District Court |
| 20 | Northern District of California<br>280 South 1st Street | Northern District of California<br>280 South 1st Street |
| 21 | Courtroom 6, 4th Floor<br>San Jose, CA 95113 | Courtroom 8, 4th Floor<br>San Jose, CA 95113 |
| 22 | **COURTESY COPY**<br>*RK West, Inc., Case No. 08-cv-03452* | **COURTESY COPY**<br>*Hal K. Levitte, Case No. 08-cv-03369* |
| 23 | | |
| 24 | | _____<br>Kendra Jones |
| 25 | | COOLEY GODWARD KRONISH LLP<br>4401 Eastgate Mall |
| 26 | | San Diego, CA 92121-1909<br>Telephone: (858) 550-6000 |
| 27 | | FAX: (858) 550-6420<br>Email: kjones@cooley.com |
| 28 | 600801 /SD | |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
08-CV-02088 RMW (PVT)