| | |
|---|---|
| 1 | ROBERT C. SCHUBERT S.B.N. 62684 |
| 2 | WILLEM F. JONCKHEER S.B.N. 178748 |
|   | KIMBERLY A. KRALOWEC S.B.N. 163158 |
| 3 | DUSTIN L. SCHUBERT S.B.N. 254876 |
|   | SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP |
| 4 | Three Embarcadero Center, Suite 1650 |
|   | San Francisco, California 94111 |
| 5 | Telephone: (415) 788-4220 |
|   | Facsimile: (415) 788-0161 |

*Attorneys for Plaintiff Hal K. Levitte*

BRIAN S. KABATECK  S.B.N. 152054
(bsk@kbklawyers.com)
RICHARD L. KELLNER  S.B.N. 171416
(rlk@kbklawyers.com)
ALFREDO TORRIJOS  S.B.N. 222458
(at@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

*Attorneys for Plaintiff RK West, Inc.*

GUIDO SAVERI S.B.N. 22349
R. ALEXANDER SAVERI S.B.N. 173102
CADIO ZIRPOLI S.B.N. 179108
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, California 94111-5619
Telephone: (415) 217-6813
Facsimile: (415) 217-6813

*Attorneys for Plaintiff Pulaski & Middleman, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALMEIDA, individually and on behalf of all others similarly situated, | **CASE NO. 08-CV-02088** |
| Plaintiff, | **Judge: Hon. Ronald M. Whyte** |
| vs. | **JOINT OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |
| GOOGLE, INC., a Delaware Corporation, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Hal K. Levitte, RK West, Inc. and Pulaski & Middleman, LLC ("Plaintiffs") jointly oppose the administrative motion filed by Google Inc. ("Google" or "Defendant") to relate *Almeida v. Google, Inc.*, Case No. 08-cv-02088-RMW ("*Almeida*")[1] to *Levitte v. Google, Inc.,* Case No. 08-cv-03369-JW ("*Levitte*"), *RK West, Inc. v. Google, Inc.*, Case No. 08-cv-03452-RMW ("*RK West*"), and *Pulaski & Middleman, LLC v. Google, Inc.,* Case No. 08-cv-03888-SI ("*Pulaski*").[2] All plaintiffs' counsel agree that *Levitte*, *RK West*, and *Pulaski* should be related before Judge Ware because these three putative class actions substantially involve the same parties, transactions, and events and agree that *Almeida* is not related to *Levitte*, *RK West*, and *Pulaski*.[3]

Google's administrative motion should be denied because: (1) the *Almeida*, *Levitte*, *RK West*, and *Pulaski* actions do not all concern substantially the same parties, property, transactions, or events; (2) the *Levitte*, *RK West*, and *Pulaski* actions proceeding separately from *Almeida* would not result in an unduly burdensome duplication of labor and expense or conflicting results; and (3) Google's exceedingly broad motion is merely a thinly-veiled attempt to engage in judge shopping. Therefore, Google has failed to satisfy the requirements of Civil L.R. 3-12 and Google's motion to relate *Almeida* to *Levitte*, *RK West*, and *Pulaski* should be denied.

## II. *LEVITTE*, *RK WEST*, AND *PULASKI* CONCERN SUBSTANTIALLY DIFFERENT PARTIES, TRANSACTIONS, AND EVENTS THAN *ALMEIDA*

### A. *Levitte*, *RK West*, and *Pulaski* Concern Different Parties Than *Almeida*

Google is asking the Court to relate four putative class actions that do not involve substantially the same parties. While all four cases involve the same defendant, plaintiffs in these cases are not all substantially the same. Contrary to Google's assertions in its motion to relate the four putative class actions, the putative classes in all four actions do not substantially overlap. While the putative classes in

---

[1] A copy of the *Almeida* Complaint is attached to the Jonckheer declaration filed herewith, as Exhibit 1.
[2] A copy of the *Levitte* Complaint, *RK West* Complaint, and *Pulaski* Complaint are attached to the Jonckheer declaration, as Exhibit 2, Exhibit 3, and Exhibit 4, respectively.
[3] While Judge Whyte is a highly qualified and distinguished judge, Plaintiffs believe that relating *Levitte*, *RK West*, and *Pulaski* to *Almeida* when Google has failed to satisfy its burden would be a misapplication of Civil L.R. 3-12 for the reasons explained herein.

**JOINT OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**     **1**

*Levitte, RK West,* and *Pulaski* do substantially overlap, the putative class in *Almeida* includes many persons and entities that would not be included in putative classes in *Levitte, RK West,* and *Pulaski*.

While all four actions' putative class members participated in Google's AdWords advertising program, the significant and meaningful factual differences existing between the classes defined in *Almeida*, *Levitte*, *RK West*, and *Pulaski* render Google's motion to relate all four actions inappropriate. Google ineffectively argues that merely because each case asserts a putative class of Google AdWords customers, the classes substantially overlap. However, any overlap between the putative class in *Almeida* with the putative classes in *Levitte*, *RK West*, and *Pulaski* is purely coincidence and does not, in and of itself, serve to tie the four putative classes together. The fact remains that the putative class in *Almeida* is substantially different from those in *Levitte, RK West,* and *Pulaski.*

The putative class in *Almeida* encompasses "All persons or entities located within the United States who bid on a keyword through AdWords, left the 'CPC content' bid input blank, and were charged for content ads." *Almeida* Complaint, ¶ 13 (italics omitted). By contrast, none of putative classes in *Levitte*, *RK West*, and *Pulaski* reference persons or entities who "left the 'CPC content' bid input blank." Furthermore, none of the complaints in *Levitte*, *RK West*, and *Pulaski* even mention "CPC content" bid inputs. *Almeida* involves persons and entities that only wished to participate in AdSense for Search, one facet of Google's advertising network, and wished to opt-out of Google's AdSense for Content network. *Levitte*, *RK West*, and *Pulaski* are wholly separate, unrelated actions, involving putative classes encompassing "All persons or entities located within the United States who, within four years of the filing of this complaint, had an AdWords account with Google and who were charged for advertisements appearing on parked domain and/or error page websites." *Levitte* Complaint ¶ 42. The putative classes in *RK West* and *Pulaski* are substantially similar to the putative class in *Levitte*. By contrast, the putative class and complaint in *Almeida* do not make any reference to "persons who were charged for advertisements appearing on parked domain and/or error page websites." *Levitte*, *RK West*, and *Pulaski* involve persons and entities that wished to participate in <u>both</u> AdSense for Search and AdSense for Content, but allege that Google's placement of advertisements on parked domains and error pages within the AdSense for Content program is improper under California law. Thus the putative class in *Almeida* (persons and entities that <u>did not</u> want to participate in AdSense for Content) and putative classes in *Levitte*, *RK West*, and *Pulaski*

**JOINT OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**     **2**

(persons and entities that did want to participate in AdSense for Content) comprise different parties, rendering Google's motion to relate all four actions inappropriate.

### B. *Levitte*, *RK West*, and *Pulaski* Concern Different Transactions And Events Than *Almeida*

As *Almeida* involves "CPC content bids" while *Levitte*, *RK West*, and *Pulaski* involve "parked domains" and "error pages," the four putative class actions involve different transactions and events. Google fails to provide any meaningful support for its assertion that the four putative class actions concern substantially the same transaction or event. While Google states the obvious, that all four cases deal with AdWords, Google never addresses the less obvious, but far more important issue that the aspect of AdWords at issue in *Almeida* involves substantially different, not substantially similar, subject matter than the aspect of AdWords at issue in *Levitte, RK West*, and *Pulaski*. Google argues that merely because all four cases involve Google's AdWords program and contractual relationships, the cases are therefore related and concern substantially the same transaction or event. Google fails to explain how the issues raised by the "CPC content bid" aspect of AdWords in *Almeida* are substantially the same as those raised by the "parked domain" and "error page" aspects of AdWords in *Levitte, RK West*, and *Pulaski*. Google failed to explain this not once but twice, first in its opposition to *RK West's* motion, and then in its own motion.

AdWords is not a minor or uncomplicated part of Google's business. Advertising services comprised 99% of Google's 2007 $16.6 billion total revenue, and CPC content and parked domain and error pages are not minor or uncomplicated aspects of AdWords. Each is a separate and distinct aspect of the program and capable of separately performing its individual function to generate revenue. The revenue generated from CPC content bid is separate and distinct from revenue generated from parked domains and error pages. It does not follow that just because CPC content bid and parked domain are both aspects of the AdWords program that the cases are related or that they even concern substantially the same transaction or event. While all four actions may involve inquiries into Google's contractual relationship with advertisers, the AdWords bidding process, the manner upon which advertisements are displayed on Google's networks, and the fees Google collects from advertisers, the inquiry in *Almeida* will be markedly different than the inquiries in *Levitte*, *RK West*, and *Pulaski*. Under Google's argument, litigation of any kind pending in a federal district against a corporate defendant would all have to be related to the same judge, merely because such cases involve the same defendant. For example, if Ford was sued based on the claim that its Taurus

cars had defective brakes, no one would seriously argue that a later case claiming defective ignition switches should be heard before the same judge. Moreover, merely because all four putative class actions assert claims against Google for unjust enrichment and violation of California Business and Professions Code §§ 17200 et seq., it does not necessarily follow that the actions involve substantially the same transactions and events. As such, Google has failed to satisfy its burden in showing that the four putative class actions concern substantially the same transactions or events, rendering Google's motion to relate all four actions inappropriate.

**III.** *Almeida* **Proceeding Before Judge Whyte While** *Levitte*, *RK West*, **And** *Pulaski* **Proceed Before Judge Ware Would Not Result In An Unduly Burdensome Duplication Of Labor And Expense Or A Potential For Conflicting Rulings**

All counsel agree that *Levitte*, *RK West*, and *Pulaski* should be related because these three putative class actions substantially involve the same parties, transactions, and events. As *Levitte* (currently pending before Judge Ware) is the first-filed case among these three putative class actions concerning persons or entities alleging that Google's placement of advertisements on parked domains and error pages within the AdSense for Content program is improper under California law, *RK West* and *Pulaski* should appropriately be related to *Levitte* and be heard by Judge Ware. Should *Levitte*, *RK West*, and *Pulaski* proceed before Judge Ware while *Almeida* proceeds before Judge Whyte, there is no risk of any unduly burdensome duplication of labor or expense.

The allegations, putative class members, transactions, and events in *Almeida* are markedly different than the allegations, putative class members, transactions, and events in *Levitte*, *RK West*, and *Pulaski*. As such, the Court will be called on to resolve different issues in *Almeida* related to the pleadings, discovery, class certification, dispositive motions, and trial than those raised in *Levitte*, *RK West*, and *Pulaski*. Additionally, Google ineffectively argues that because all cases arise from Google's AdWords advertising program, discovery in the four cases will likely involve overlapping witnesses and documents. This is simply not the case, and it is a failed attempt by Google to mask the intricacy of AdWords and the particularized information that will be sought through documents and witnesses by plaintiffs in *Almeida* and that which will be sought by plaintiffs in *Levitte, RK West*, and *Pulaski*.

Furthermore, should *Levitte*, *RK West*, and *Pulaski* proceed before Judge Ware while *Almeida* proceeds before Judge Whyte, there is no risk of potentially conflicting rulings. Google misses the mark when it argues that there is the potential for conflicting rulings with "at a minimum, class certification" if the four cases are not related. The putative class in *Almeida* is markedly different from the putative classes in *Levitte, RK West,* and *Pulaski* and thus any inquiries into class certification will be markedly different in *Almeida* than in *Levitte*, *RK West*, and *Pulaski*. As such, Google has failed to satisfy its burden of showing that *Almeida* proceeding before Judge Whyte while *Levitte*, *RK West*, and *Pulaski* proceed before Judge Ware will result in an unduly burdensome duplication of labor and expense and the potential for conflicting rulings.

### IV. Google's Exceedingly Broad Administrative Motion To Relate *Almeida* To *Levitte*, *RK West*, And *Pulaski* Is A Thinly-Veiled Attempt At Judge Shopping

Google's exceedingly broad standard to relate cases fails to satisfy Civil L.R. 3-12. Google (1) asserts at the broadest macro-level that the parties, transactions, and events are substantially similar and (2) makes blanket, unsupported statements that there is a risk of unduly burdensome duplication of labor and expense and potential for conflicting rulings. Google stretches the local rule to the breaking point in a transparent attempt to circumvent the court in the first-filed case concerning parked domains and error pages on Google's AdSense content network from hearing the cases.[4] As *Levitte* is the first-filed case in this district concerning these unique aspects of Google's AdSense network, *Levitte* should appropriately remain before Judge Ware pursuant to Civil L.R. 3-12 and *RK West* and *Pulaski* should be related to *Levitte* and also proceed before Judge Ware. Google's motion is suggestive of judge shopping, a practice discouraged by the courts. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

### V. CONCLUSION

Google's administrative motion should be denied because the *Levitte*, *RK West*, and *Pulaski* are not related to *Almeida* under Civil L.R. 3-12. Consequently, Plaintiffs respectfully request that the Court deny Google's administrative motion to relate *Levitte*, *RK West*, and *Pulaski* to *Almeida*.

---

[4] At this broad approach, *Levitte*, *RK West*, and *Pulaski* could just as easily be related to *CLRB Hanson Ind. v. Google, Inc.*, Case No. 05-cv-03649 ("*CLRB Hanson*"), currently pending before Judge Ware, because the case involves class action allegations concerning Google's AdWords advertising program. Plaintiffs do not assert that *Almeida*, *Levitte*, *RK West*, or *Pulaski* should be related to *CLRB Hanson*. A copy of the complaint in *CLRB Hanson* is attached to the Jonckheer declaration, as Exhibit 5.

Dated: September 9, 2008

SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP

By: _____**/S/**_____
WILLEM F. JONCKHEER
*Attorneys for Plaintiff Hal K. Levitte*

KABATECK BROWN KELLNER LLP

By: _____**/S/**_____
BRIAN S. KABATECK
*Attorneys for Plaintiff RK West*

SAVERI & SAVERI, INC.

By: _____**/S/**_____
CADIO ZIRPOLI
*Attornesy for Plaintiff Pulaski & Middleman, LLC*