1   BRIAN S. KABATECK,  SBN 152054
     (bsk@kbklawyers.com)
2   RICHARD L. KELLNER,  SBN 171416
     (rlk@kbklawyers.com)
3   ALFREDO TORRIJOS,  SBN 222458
     (at@kbklawyers.com)
4   KABATECK BROWN KELLNER LLP
    644 South Figueroa Street
5   Los Angeles, California  90017
    Telephone: (213) 217-5000
6   Facsimile: (213) 217-5010

7   Attorneys for Plaintiff
    David Almeida

8

9

                    **UNITED STATES DISTRICT COURT**

10
                    **NORTHERN DISTRICT OF CALIFORNIA**

11

12   DAVID ALMEIDA, individually and          CASE NO.   CV 08-02088 RMW
     on behalf of all others similarly
13   situated,                                 HON. RONALD M. WHYTE

14              Plaintiff,

15        vs.                                  **PLAINTIFF'S NOTICE OF
                                               MOTION AND MOTION FOR
16   GOOGLE, INC., a Delaware                  LEAVE TO FILE A FIRST
     Corporation; and DOES 1 through 10,       AMENDED COMPLAINT AND TO
17   inclusive,                                SET NEW CASE MANAGEMENT
                                               CONFERENCE**
18              Defendants.

19                                             <u>Hearing</u>
                                               Date:  October 30, 2009
20                                             Time:  9:00 a.m.
                                               Courtroom:  6
21

22        TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

23   RECORD:

24        PLEASE TAKE NOTICE that on October 30, 2009, at 9:00 a.m, or as soon

25   thereafter as the matter may be heard, in Courtroom No. 6 of the above entitled

26   Court, located at 280 South 1st Street, San Jose, California 95113, plaintiff will

27   move and hereby does move for an order granting leave to file a first amended

28

---

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT AND TO SET A NEW CASE MANAGEMENT CONFERENCE (CV 08-02088 RMW)**

1   complaint substituting a new class representative into this action.  This motion is

2   made pursuant to Federal Rules of Civil Procedure, Rule 15(a), on the grounds that

3   the proposed amendment is in the interests of justice.

4        The motion will be based on this Notice of Motion and Motion, the

5   Memorandum of Points and Authorities filed concurrently herewith, any

6   supplemental briefs filed by the parties, the pleadings and papers currently on file

7   in this action, and on such other argument and evidence the Court may consider at

8   the hearing of the motion.

9   Dated: September 11, 2009   By: _____/s/_____

10                                              Brian S. Kabateck
                                               Richard L. Kellner
11                                             Alfredo Torrijos
12                                             **KABATECK BROWN KELLNER LLP**
                                               *Counsel for Plaintiff David Almeida*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...........................................2

        A.      Brief Factual Summary of Defendant's Conduct .......................................2

        B.      Procedural History of Action ....................................................................2

III.    MOTIONS TO AMEND – INCLUDING AMENDMENTS
        NEEDED TO SUBSTITUTE VIABLE CLASS
        REPRESENTATIVES – ARE LIBERALLY GRANTED SO
        THAT ACTIONS MAY BE DECIDED ON THEIR MERITS ...........................4

        A.      The Legal Standard For A Motion To Amend Is Extremely Liberal. ........4

        B.      Amendment Is Particularly Appropriate In This Case, Since Doing
                So Will Permit This Action To Be Decided On Its Merits. .......................5

IV.     PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND
        THE COMPLAINT TO SUBSTITUTE A CLASS
        REPRESENTATIVE WHO CAN CONTINUE TO PURSUE
        THIS MATTER ...................................................................................................7

V.      CONCLUSION ...................................................................................................8

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT AND TO SET A NEW CASE MANAGEMENT CONFERENCE (CV 08-02088 RMW)**

# TABLE OF AUTHORITIES

**Cases**

*Bristow v. Lycoming Engines,*
2007 WL 1752602 (E.D. Cal. 2007)........................................................ 6

*DCD Programs, Ltd. v. Leighton,*
833 F.2d 183 (9th Cir. 1987) .................................................................. 4

*Foster v. Center Township of LaPorte County,*
798 F.2d 237 (7th. Cir 1986) .................................................................. 7

*Griggs v. Pace American Group, Inc.,*
170 F.3d 877 (9th Cir.1999) ............................................................ 5, 8, 9

*Hernandez v. Balakian,*
251 F.R.D. 488 (E.D. Cal. 2008)........................................................ 5, 6

*Howey v. U.S.,*
481 F.2d 1187 (9th Cir, 1973) ................................................................ 5

*Jackson v. Bank of Hawaii,*
902 F.2d 1385 (9th Cir. 1990) ................................................................ 9

*Jackson v. Bank of Hawaii,*
902 F.2d 1385 (9th Cir.1990) ................................................................. 8

*Lierboe v. State Farm Mut. Auto Ins. Co.,*
350 F.3d 1018 (9th Cir. 2003) ................................................................ 6

*National Federation of Blind v. Target Corp.,*
528 F.Supp.2d 1185 (N.D. Cal. 2007)..................................................... 6

*Palmer v. Stassinos,*
236 F.R.D. 460 (N.D.Cal. 2006) ............................................................ 9

*Scognamillo v. Credit Suisse First Boston, LLC,*
587 F.Supp.2d 1149 (N.D.Cal. 2008)...................................................... 8

*United States v. Webb,*
655 F.2d 977 (9th Cir.1981) .................................................................. 8

**Rules**

Fed. R. Civ. P. 15(a)(2) ........................................................................ 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

# I.  INTRODUCTION

Defendant Google Inc. ("Google") offers two general types of pay per click advertising – search ads and content ads.  This is a class action arises out of Google's practice of presenting to potential customers that bidding for content advertising is "optional," when in fact, Google will charge for the content ads regardless of whether the advertiser places a bid or not.

The current class representative, plaintiff David Almeida ("Plaintiff"), paid for content advertising through Google.  However, based on Google's discovery responses, it appears that Plaintiff signed up for an advertising account with Google before the deceptive language was implemented.  Accordingly, with this motion, Plaintiff seeks to substitute into this case a new class representative, Lagro Cargo Co., who can pursue this matter so that it is decided on the merits.  The new proposed class representative was subject to the deceptive practice as he signed up after the "optional" language was instituted.

Plaintiff can no longer satisfy the typicality requirement of FRCP 23(a), and since he is the *sole* current class representative, denial of this motion will effectively end this action.  Such a result – not based on the merits of the case – is not in the interests of justice.  Because leave to amend is granted with "extreme liberality" in order that matters may be decided on their merits, plaintiff respectfully requests that the Court grant this motion, and grant leave to file a first amended complaint substituting a new class representative into this action.  Plaintiff also requests the Court to vacate the Case Management Order and set a new Case Management Conference.  Plaintiff's proposed First Amended Complaint is attached as Exhibit A to the declaration of Michael V. Storti.

/ / /

/ / /

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND TO SET A NEW CASE MANAGEMENT CONFERENCE (CV 08-02088 RMW)**

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Brief Factual Summary of Defendant's Conduct

Google sells advertising through a program called AdWords. [Storti Decl., Exhibit B, ¶¶ 11-12.]   Through AdWords, Google permits would-be advertisers to bid on words or phrases that will trigger the advertisers' ads. [Storti Decl., Exhibit B., ¶ 12.}  AdWords is premised on a pay-per-click model, meaning that the advertisers pay only when their ads are clicked.  As part of the AdWords bidding process, therefore, advertisers must set a maximum cost per click bid that the advertiser is willing to pay each time someone clicks on its ad. [*Id.*]

Google offers two types of ads: search ads and content ads. [Storti Decl., Exhibit B, ¶ 11.]  Search ads appear when a person searches for a specified word or phrase on Google.  Content ads are placed on third party websites, based on the relevance of the site's content to the ad. [*Id.*]  During the AdWords registration process, Google allows advertisers to set a bid for search ads and an "optional" bid for content ads. [Storti Decl., Exhibit B, ¶ 11.]  This action arises from the fact that Google will charge for content ads even where the advertiser leaves the "optional" content bid input blank. [Storti Decl., Exhibit B, ¶ 14.]

### B.      Procedural History of Action

This action was filed on April 22, 2008. [Storti Decl., Exhibit B.]  Plaintiff served his initial discovery requests on October 6, 2008. [Storti Decl., ¶ 5.]  On October 8, 2008, the Court signed the case management order, setting April 3, 2009 as the deadline for filing a motion for class certification. [Storti Decl., Exhibit C.]

Google served its discovery responses on December 5, 2008, beginning a long meet and confer process. [Storti Decl., Exhibits D-F.]  The parties met and conferred telephonically on January 20, 2009 and spoke primarily of methods to limit the burden of responding to the discovery requests and to ensure the

— 2 —

confidentiality of Google's proprietary information. These discussions continued into late February. [Storti Decl., Exhibits G-H.] At that point, the parties entered into a stipulation to continue the dates set in the October 8th Case Management Order by 120 days to ensure sufficient time for the discovery prior to the class certification deadline. The Court signed the new Case Management Order on April 2, 2009, setting August 3, 2009 as the deadline for Plaintiff's class certification motion. [Storti Decl., Exhibit I.]

On June 5, 2009, Plaintiff's counsel sought Google's agreement to stipulate to an amended complaint, substituting Largo Cargo Co. as the class representative and offered to serve responses to Google's discovery requests within two weeks. [Storti Decl., ¶ 13.] On June 18, 2009, Google refused, stating that Plaintiff lacked standing and, therefore, the proper procedure is to dismiss and refile a new action with the new class representative. [Storti Decl., ¶ 14.] Google based this claim on an interrogatory response stating that did not allow separate content bids during AdWords registration until October 2007. [Storti Decl., Exhibit D, pp. 4-5.] Google has not produced any documents to support this assertion nor has Plaintiff had an opportunity to confirm this claim through deposition testimony. [Storti Decl., ¶¶ 15.16.] Further, the interrogatory responses were unverified until May 8, 2009. [Storti Decl., Exhibit J.]

Nevertheless, Plaintiff's counsel agreed to a dismissal of the current action and to refile with the new class representative, provided Google would stipulate to the dismissal. [Storti Decl., ¶ 18; Exhibit K.] The parties attempted to agree on the language of a stipulation, exchanging several versions, but an impasse was reached on August 13, 2009. [Storti Decl., Exhibit L.] Faced with the prospect of having to move for voluntary dismissal, only to then refile the same action, Plaintiff's counsel determined that the more efficient procedure would be to simply seek leave to file an amended complaint, substituting Largo Cargo Co. as class

— 3 —

1  representative. Plaintiff's counsel again sought Google's agreement to the

2  proposed amended complaint. Google again refused. [Storti Decl., Exhibit M.]

3        Aside from substituting Largo Cargo Co. as class representative, the

4  proposed amended complaint also eliminates the fraudulent concealment cause of

5  action. [Storti Decl., Exhibit A.]

6  **III.  MOTIONS TO AMEND – INCLUDING AMENDMENTS**

7       **NEEDED TO SUBSTITUTE VIABLE CLASS**

8       **REPRESENTATIVES – ARE LIBERALLY GRANTED SO**

9       **THAT ACTIONS MAY BE DECIDED ON THEIR**

10       **MERITS**

11      **A.  The Legal Standard For A Motion To Amend Is Extremely**

12        **Liberal.**

13        Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend

14  "should freely [be] give[n] when justice so requires." *Id.* The underlying purpose

15  of Rule 15, and the Court's guiding principle in evaluating proposed amendments,

16  is "to facilitate decision on the merits rather than on the pleadings or

17  technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

18  1987). "The [Ninth Circuit] has noted on several occasions . . . that the Supreme

19  Court has instructed the lower federal courts to heed carefully the command of

20  Rule 15(a) . . . by freely granting leave to amend when justice so requires." *Id.*

21  (internal citations and quotations marks omitted). "Thus rule 15's policy of

22  favoring amendments to pleadings should be applied with 'extreme liberality.'" *Id.*

23  (emphasis added). The denial of a motion to amend is reviewed for abuse of

24  discretion. *Id.* "Where there is a lack of prejudice to the opposing party and the

25  amended complaint is obviously not frivolous, or made as a dilatory maneuver in

26  bad faith, it is an abuse of discretion to deny such a motion." *Howey v. U.S.*, 481

27  F.2d 1187, 1190 -1191 (9th Cir, 1973).

28

## B. Amendment Is Particularly Appropriate In This Case, Since Doing So Will Permit This Action To Be Decided On Its Merits.

The extreme liberality in granting leave to amend is fully applicable when the proposed amendment is necessary in order to substitute class representatives, since the amendment will permit the action to be decided on its merits. The Ninth Circuit has held that where "the claims of other class members [are] not barred, an[] amendment to substitute them as class representatives should have been permitted." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir.1999).

In *Hernandez v. Balakian*, 251 F.R.D. 488 (E.D. Cal. 2008), the court recently addressed a situation where, after a motion for class certification was filed but before it was heard, the class representative was found to be inadequate, in part because he had "recently been arrested on multiple felony charges." *Id*. at 489. Indeed, "[c]ounsel for plaintiff 'freely admits that [the class representative's] arrest and felony complaint make him an inadequate class representative.'" *Id*. The court noted that "[i]t is asserted that ***denial of the motion for leave to amend will effectively end this action*** and that nothing in the record supports that outcome." *Id*. at 491 (emphasis added). Stating that Rule 15 "requires that leave to amend should be freely granted when justice so requires," the Court held that it "will grant plaintiffs' leave to substitute another class representative for the nationwide class." *Id*. at 490-91.

The court in *Hernandez* relied *National Federation of Blind v. Target Corp.*, 528 F.Supp.2d 1185 (N.D. Cal. 2007), in allowing the amendment. There, the court stated that although it was not convinced that the named plaintiff had "demonstrated an injury with the requisite nexus" to the defendant, the court was "satisfied that some of the putative class members would present the same type of legal and remedial theory as the unnamed class members. As long as the proposed

1    class satisfies the requirements of Rule 23, the court may certify the class

2    conditioned upon the substitution of another named plaintiff." *National Federation*

3    *of Blind*, 528 F.Supp.2d at 1201.  Although the court found that the named plaintiff

4    was unable to demonstrate a legally cognizable injury, it nonetheless granted leave

5    to substitute a new class representative. *Id.*

6        Similarly, in *Bristow v. Lycoming Engines*, 2007 WL 1752602 (E.D. Cal.

7    2007), the court addressed a class action involving "an allegedly faulty airplane

8    crankshaft. . ." *Id.* at *1.  The court found that, because the class representative was

9    the individual shareholder of a corporation that held title to the airplane, rather than

10   the corporation itself, the plaintiff "has not satisfied the required element of

11   typicality." *Id*. at *4.  Nevertheless, consistent with the extreme liberality in

12   permitting amendment, the court held it "will grant plaintiff leave to amend the

13   complaint in order to substitute" the appropriate class representative.  *Id.* at *5.

14       Google will likely point to *Lierboe v. State Farm Mut. Auto Ins. Co.*, 350

15   F.3d 1018, 1023 (9th Cir. 2003), to argue that an amended complaint is

16   inappropriate where the sole class representative has no standing.  However, that

17   case, and the case it relies on, are clearly distinguishable.  In *Lierboe*, there was a

18   judicial determination that the class representative had no standing after the district

19   court had certified the class. *Id*. at 1021.  In fact, the Supreme Court of Montana

20   specifically ruled that the plaintiff in *Lierboe* had no claim. *Id*.  It was only then

21   that the Ninth Circuit vacated the certification and ordered a dismissal. *Id*. at 1023.

22       Similarly, in *Foster v. Center Township of LaPorte County*, 798 F.2d 237,

23   240 (7th. Cir 1986), the court certified the class, conducted a bench trial, and then

24   dismissed pursuant to FRCP 41(b).  It was based on this record that the Seventh

25   Circuit concluded the plaintiff lacked standing and remanded with directions to

26   dismiss. *Id*. at 245.

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND TO SET A NEW CASE MANAGEMENT CONFERENCE (CV 08-02088 RMW)**

1    Where in both *Lierboe* and *Foster* there was a complete evidentiary record

2  to support the determination that the plaintiff lacked standing, here Google makes

3  the same claim based on an unsubstantiated and, until recently, unverified

4  interrogatory response.  It has not challenged Plaintiff's standing nor has the Court

5  made any determination on the issue of Plaintiff's standing.  Under these

6  circumstances, *Lierboe* and *Foster* are simply inapposite.

7  **IV.    PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND THE**

8  **COMPLAINT TO SUBSTITUTE A CLASS REPRESENTATIVE WHO**

9  **CAN CONTINUE TO PURSUE THIS MATTER**

10    Granting leave for plaintiff to substitute a new class representative is

11  warranted in this case.  The Ninth Circuit has established that "[a] district court

12  determines the propriety of a motion to amend by ascertaining the presence of any

13  of four factors:  bad faith, undue delay, prejudice to opposing party, and/or

14  futility."  *Griggs*, 170 F.3d at 880.  "The factors are not of equal weight. 'Prejudice

15  to the opposing party is the most important factor,' [citation]; delay alone is

16  insufficient to deny leave to amend. [Citation.]" *Scognamillo v. Credit Suisse First*

17  *Boston, LLC*, 587 F.Supp.2d 1149, 1151 (N.D.Cal. 2008) (*citing Jackson v. Bank*

18  *of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990); *United States v. Webb*, 655 F.2d

19  977, 980 (9th Cir.1981)).

20    Here, there is no bad faith or undue delay in bringing this motion.  Plaintiff's

21  counsel notified Google in June that Plaintiff would no longer be serving as class

22  representative and requested a stipulation for the substitution of a new class

23  representative.  Google did not agree to the stipulation, instead asserting that

24  dismissal of the action and refiling would be the proper procedure.  Plaintiff's

25  counsel initially agreed but when the parties could not agree to a stipulated

26  dismissal, Plaintiff's counsel determined it would be more efficient to simply file

27  the instant motion than move for voluntary dismissal and refile.  Plaintiff's counsel

28

— 7 —

1  again offered Google the opportunity to stipulate to the amended complaint, but

2  Google refused.

3         Furthermore, Google will suffer no prejudice from the proposed amendment.

4  The limited discovery the parties have done thus far will be applicable to the

5  amended complaint and the new class representative.  Google will not have to

6  conduct additional discovery as no new claims are being asserted. *Jackson v. Bank*

7  *of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

8         Finally, the amended complaint will not be futile.  While Google may claim

9  that Plaintiff lacks standing, this assertion "falls short of proving amendment

10 would be futile." *Palmer v. Stassinos*, 236 F.R.D. 460, 463 n.3 (N.D.Cal. 2006).

11 Even where it is determined that prior complaints were baseless, an amendment

12 should be allowed where it is shown that the subsequent filings are not grounded in

13 legal theories that are baseless. *Griggs*, 170 F.3d at 881.

14        Accordingly, Plaintiff has established all grounds warranting amendment of

15 the complaint.

16 **V.        CONCLUSION**

17        Because there is a strong policy of deciding cases on their merits, and

18 motions to amend are liberally granted, Plaintiff respectfully requests that the

19 Court grant leave to amend the complaint.  Plaintiff also requests the Court vacate

20 the April 2, 2009 Case Management Order and set a new Case Management

21 Conference.

22

23 Dated: September 11, 2009   By: _____/s/_____

24                                        Brian S. Kabateck
                                         Richard L. Kellner
25                                        Alfredo Torrijos
                                         **KABATECK BROWN KELLNER LLP**
26                                        *Counsel for Plaintiff David Almeida*

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT AND TO SET A NEW CASE MANAGEMENT CONFERENCE (CV 08-02088 RMW)**