KEKER & VAN NEST, LLP
CHRISTA M. ANDERSON - #184325
DAVID J. SILBERT - #173128
ALYSE D. BERTENTHAL - #253012
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAVID ALMEIDA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GOOGLE INC., a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. C 08-02088 RMW

**GOOGLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND TO SET NEW CASE MANAGEMENT CONFERENCE**

Date: October 30, 2009
Time: 9:00 a.m.
Courtroom: 6
Judge: Hon. Ronald M. Whyte

Date Comp. Filed: April 22, 2008

Trial Date: None set.





Dockets.Justia.com

## I. INTRODUCTION

Mr. Almeida filed this action against Google in April of 2008, alleging that he was a member and representative of a putative class of Google customers who used a particular registration page on Google's AdWords website, and that he was confused by that page. Since that time, and on the basis of his allegations, Mr. Almeida imposed on Google all the costs and burdens inherent in defending against a putative class action, including the burden of responding to broad discovery requests for voluminous documents and detailed information about Google's business.

Yet, Mr. Almeida's fundamental allegation was false. In fact, Mr. Almeida never even used the registration page at issue in this case. Thus, he never was a member of the class he claimed to represent and never had standing to pursue this action. Recently forced to acknowledge this fact in response to Google's own discovery demands, Mr. Almeida now seeks to brush by the issue through substitution of a new class representative.

This strategy, however, is impermissible under *Lierboe v. State Farm Mutual Automobile Insurance Co.*, 350 F.3d 1018 (9th Cir. 2003). In *Lierboe*, the Ninth Circuit held that, while courts generally grant leave to amend liberally, an exception exists in class actions where the named plaintiff was never himself a member of the class he seeks to represent. *Id.* at 1023. In those circumstances, the Ninth Circuit held that "substitution or intervention" of a new class representative is not "possible," and the action must instead be dismissed. *Id.* Here, Mr. Almeida concedes that he was never a member of the class that he seeks to represent—that is why he now wants to substitute a new plaintiff. P.'s Mtn. (Doc. No. 27) at 1:9-11. Under *Lierboe*, he is prohibited from doing so, and his action must instead be dismissed.

Indeed, after Google drew Mr. Almeida's attention to *Lierboe*, he agreed that dismissal, not amendment, was the appropriate way to dispose of this action. Declaration of David J. Silbert (October 9, 2009) ("Silbert Decl.") ¶ 5; P.'s Mtn. (Doc. No. 27) at 7:23-25. He later reversed that position, but not because of any new interpretation of *Lierboe*. Instead, Mr. Almeida filed this motion because Google rejected his demand that it release any claims it may have against him for bringing the action (although Google did agree not to seek its costs as the

prevailing party in the action). Silbert Decl. ¶ 7. Mr. Almeida's position is without legal merit, and under *Lierboe* his motion should be denied.

## II. FACTUAL BACKGROUND

Mr. Almeida, the sole named plaintiff, alleged in this putative class action that he and others were misled by a particular registration page that Google deployed on its AdWords site. Compl. (Doc. # 1) at 11-13. He further alleged that he used the registration page—which was deployed for a period of months, and has long since been replaced—when he signed up for an AdWords account in November 2006. *Id.* at ¶15. He sought to represent a class of all AdWords advertisers in the United States who used the page and left blank a particular input box that he asserted was misleading, and who were later charged for clicks on their ads on Google's content network. *Id.* at ¶13.

Mr. Almeida now acknowledges, however, that, in fact, he never used the registration page that he claimed confused him and that is the subject of this lawsuit. P.'s Mtn. (Doc. No. 27) at 1:9-11. As Google's verified interrogatory responses confirm, Google first deployed that page in October 2007—almost a year *after* Mr. Almeida alleges that he created his AdWords campaign. Silbert Decl. ¶ 2, Ex. A at 5:1-3. Remarkably, Mr. Almeida suggests in his motion that he had no way of knowing that he did not use the allegedly misleading page until Google told him the relevant date—ignoring the fact Mr. Almeida himself knows what he did, and that to serve as class representative, he would have had to testify under oath that he used the page and was misled by it. *See* P.'s Mtn. (Doc. No. 27) at 1:9-11, 3:16-17.

Mr. Almeida first notified Google that he intended to withdraw as the putative class representative in June 2009, when he was forced to do so in light of written discovery served by Google. Silbert Decl. ¶ 4. Specifically, after requesting (and receiving) multiple extensions totaling more than a month to respond to Google's discovery requests, Mr. Almeida served interrogatory and document demand responses in May 2009 that contained nothing but boilerplate objections. *Id.* ¶ 3, Exs. B, C. During the parties' meet and confer, his counsel explained that he had not provided any substantive responses, nor produced any documents, because he intended to withdraw from the case. *Id.* ¶ 4.

Mr. Almeida initially requested that Google stipulate to substitute a new class representative. Silbert Decl. ¶ 4. Google responded that *Lierboe* required dismissal instead. *Id.* After reviewing *Lierboe*, Mr. Almeida's counsel agreed. *Id.* When counsel provided a draft stipulation of dismissal, however, it (1) required both parties to "waive[] any and all claim(s) against one another for the recovery of his or its attorneys' fees, costs and expenses accrued or incurred," and (2) required Google to promise "not seek or pursue a malicious prosecution claim against Plaintiff arising from or in connection with this Action." *Id.* ¶ 6, Ex. D. Google offered not to seek its costs as the prevailing party in the action. *Id.* ¶ 7. Google declined, however, to waive any claims against Mr. Almeida. *Id.* In response, Mr. Almeida filed this motion for leave to amend his complaint and set a new case-management schedule.

## III. ARGUMENT

In *Lierboe*, the Ninth Circuit drew a sharp distinction between cases where the named plaintiff *becomes* an unsuitable class representative during the litigation, and cases where the plaintiff "never had standing" in the first place, because he was never a member of the class he seeks to represent. *Lierboe*, 350 F.3d at 1023. In the first situation—which arises most frequently when the named plaintiff's personal claims become moot for some reason—courts may allow the plaintiff to substitute a new class representative and continue the action. *Id.* In the latter, however—which is the situation here—they may not. *Id.* Thus, in *Lierboe*, the Ninth Circuit concluded that "because this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss." *Id.*

*Lierboe* flows directly from Ninth Circuit precedent recognizing that, "where the original plaintiffs were never qualified to represent the class, a motion to intervene [with new class representatives] represents a back-door attempt to begin the action anew[.]" *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973). It also tracks the law of other circuits. *See, e.g., Foster v. Center Township of LaPorte County*, 798 F.2d 237 (7th Cir. 1986), (relied on by the Ninth Circuit in *Lierboe*, and dismissing a class action because "[i]t was apparent from the face of [the named plaintiff's] complaint that [she] never had standing and that she was not a member

of the class she was named to represent"); *McClunev. Shamah*, 593 F.2d 482, 486 (3rd Cir. 1979) ("A motion for intervention under Rule 24 is not an appropriate device to cure a situation in which plaintiffs may have stated causes of action that they have no standing to litigate.")

District courts within the Ninth Circuit consistently apply the *Lierboe* rule and refuse to permit substitution of new class representatives when the originally named representative never had standing to pursue his claims. *See,e .g., Williams v. Boeing Co.*, 2005 WL 2921960 (W.D. Wash., Nov. 4, 2005) at *10 (holding that, because the named class representatives never had standing, under *Lierboe*, "decertification of the compensation discrimination class is warranted and intervention [by new class representatives] would not be appropriate."). Indeed, less than two months ago, this Court relied on *Lierboe* to deny a motion to intervene because the named class representative lacked standing. *See Spears v. Wash. Mut., Inc.*, 2009 WL 2761331, *1 (N.D. Cal. Aug. 30, 2009) (Whyte, J.) (denying motion to intervene in class action and dismissing case because putative class representatives lacked standing).

Although Mr. Almeida previously acknowledged that *Lierboe* requires dismissal of his action, he now tries to distinguish it on the basis that, in *Lierboe*, "there was a complete evidentiary record to support the determination that the plaintiff lacked standing[.]" P.'s Mtn. (Doc. No. 27) at 6:14-7:6. This purported distinction fails for at least three reasons. First, the Ninth Circuit in *Lierboe* placed no weight on the volume of evidence confirming that the plaintiff lacked standing, only on the fact that he did. Second, nowhere does Mr. Almeida dispute the critical fact that he never used the allegedly misleading registration page, or offer any evidence to controvert it—thus, his lack of standing is conceded. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (standing is jurisdictional and "[t]he party invoking federal jurisdiction bears the burden of establishing" it); *Williams*, 2005 WL 2921960 at *10 (applying *Lierboe* and refusing to substitute new class representatives because "*the named Plaintiffs have not demonstrated standing* in the first instance[.]") (emphasis added). Third, even if a full evidentiary record proving Mr. Almeida's lack of standing were required, it is present. Google's verified interrogatory responses establish that Google first deployed the allegedly misleading interface nearly a year *after* Mr. Almeida alleges that he created his AdWords

campaign. *See* Silbert Decl. ¶ 2, Ex. A; Compl. (Doc. # 1) at ¶ 15. No further evidence is required—especially where Mr. Almeida's motion offers no evidence (nor even asserts) that he *did* use the registration page at issue.

Mr. Almeida's other authorities also fail to support his motion. They are all factually distinguishable because they involve situations where at least one named plaintiff had standing at the outset, but became unsuitable as a class representative for other reasons. *See Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (explicitly finding that the class representative had standing and therefore leave to amend was not futile); *Hernandez v. Balakian et al.*, 251 F.R.D. 488, 490-91 (E.D. Cal. 2008) (granting leave to substitute a new class representative where the original named plaintiff initially had standing but his claims became moot before the class certification hearing); *Palmer v. Stassinos*, 236 F.R.D. 460, 466 n.6 (N.D. Cal. 2006) (holding that the named plaintiffs had standing to bring some of their claims and granted them leave to add—not substitute—additional plaintiffs); *Nat'l Federation of Blind v. Target Corp.*, 582 F. Supp. 2d. 1185 (N.D. Cal. 2007) (granting leave to substitute plaintiff where putative class representative had standing but failed to satisfy the typicality requirement); *Bristow v. Lycoming Engines*, 2007 WL 1752602, *4 (E.D. Cal. 2007) (same).

Because Mr. Almeida never had standing to pursue his claims, he cannot substitute a new class representative to do so. Under *Lierboe*, his motion should be denied and this action dismissed.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny Mr. Almeida's motion for leave to amend his complaint and to set a new case-management schedule, and instead dismiss this action.

Dated: October 9, 2009

KEKER & VAN NEST, LLP

By: */s/ David Silbert*
David J. Silbert
Attorneys for Defendant
GOOGLE INC., a Delaware corporation