BRIAN S. KABATECK, SBN 152054
 (bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416
 (rlk@kbklawyers.com)
ALFREDO TORRIJOS, SBN 222458
 (at@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for Plaintiff
David Almeida

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALMEIDA, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GOOGLE, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.  CV 08-02088 RMW<br><br>HON. RONALD M. WHYTE<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND TO SET NEW CASE MANAGEMENT CONFERENCE**<br><br>Hearing<br>Date:  October 30, 2009<br>Time:  9:00 a.m.<br>Courtroom:  6 |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (CV 08-02088 RMW)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The motion before the Court is for leave to file an amended complaint.  Motions for leave to amend pleadings are governed by Federal Rule of Civil Procedure 15(a), which directs courts to "freely give leave when justice so requires." There have been no motions challenging the sufficiency of the pleadings or whether sufficient evidence exists to move forward.  Indeed, excepting its opposition to the present motion, Google has never sought to challenge Plaintiff's standing to maintain this action.  Despite this, the entirety of Google's opposition to the present motion rests on the presumption that there has in fact been a judicial determination that Plaintiff lacks standing.  Of course, no such determination has ever been made nor can Google bootstrap Plaintiff's motion into an impromptu motion for summary judgment on that issue.  This motion is not a vehicle to challenge Plaintiff's standing.  It is a motion for leave to amend.  And absent a *prior* judicial determination that a proposed class representative lacked standing at the inception of the lawsuit to forward the class' claims, leave to amend the complaint to substitute a new class representative is entirely proper and should be granted. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir.1999).

## II.   PROCEDURAL HISTORY

Plaintiff will not restate the full procedural history in this reply memorandum.  Plaintiff, however, does find it necessary to address why he was compelled to file the present motion.  Contrary to Google's assertion, Plaintiff did not file this motion in response to Google's refusal to waive its claims against him. [Opposition, 3:7-10.]  In fact, Plaintiff readily agreed to remove the very language that Google now asserts was central to his decision to bring this motion. [Storti Decl., Exs. A, B.]  Instead, the reason why Plaintiff was required to file this motion had to do with whether Plaintiff had standing – the very issue that Google is now

— 1 —

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (CV 08-02088 RMW)**

1 resting its opposition on. The fact is that Plaintiff was not able to assert via
2 stipulation that he lacked standing based on a single interrogatory response by
3 Google. However, rather than stall litigation on the issue, Plaintiff agreed to step
4 aside and have another plaintiff move forward with representing the putative class.
5      In short, this motion was necessitated not because Plaintiff refused to agree
6 to a stipulation that would not waive any claims that Google may have against him,
7 it was necessitated because Google refused to remove provisions from the
8 stipulation stating that Plaintiff lacked standing and that *Lierboe v. State Farm*
9 *Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir.), required dismissal of the action.
10 [Storti Decl., Ex. C.] Google's attempt to suggest otherwise is not only
11 disingenuous, it highlights the fatal flaw in their opposition.
12
13 **III. DISMISSAL UNDER *LIERBOE* REQUIRES A JUDICIAL**
14       **DETERMINATION THAT THE PLAINTIFF LACKS**
15       **STANDING**
16      Google points to *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018
17 (9th Cir.), in support of its position that dismissal, not amendment, is the proper
18 course of action. But *Lierboe*, and the other cases cited by Google, all base the
19 decision to dismiss on a judicial determination that the plaintiff never had standing
20 to pursue his claims.
21      *Lierboe* involved a putative class action "seeking payments for insureds
22 whose claims State Farm had limited by refusing to 'stack' more than one policy."
23 *Id*. at 1020. The district court certified to the Supreme Court of Montana the
24 following question: "Given the facts of this case, if Kristine Lierboe is covered
25 under the Shining Mountain Design and Construction Inc. policy, does the anti-
26 stacking holding in *Ruckdaschel* apply under the terms of the policies?" *Id.* at
27 1021. The Supreme Court of Montana subsequently determined that plaintiff
28

— 2 —

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (CV 08-02088 RMW)**

1  Lierboe did not have a stacking claim "because Lierboe's accident in her Jeep was
2  covered only by a single policy.  Therefore, there was no second covering policy to
3  stack.  No stacking issue exists unless there are multiple policies which actually
4  cover the accident in question." *Id*. at 1021-1022.  Thus, there was judicial
5  determination that the named plaintiff in *Lierboe* lacked standing.  And it was
6  based on this finding that the Ninth Circuit determined dismissal was proper. *Id.* at
7  1023.

8  Similarly, in *Spears v. Washington Mutual, Inc.*, 2009 WL 2761331, *1-2
9  (N.D. Cal. 2009), this Court denied a motion to intervene only after determining,
10 via motion to dismiss, that the complaint failed to adequately allege facts showing
11 that the plaintiff had standing.  This Court cited *Lierboe*, addressing "whether,
12 when a named plaintiff was ***found*** to lack standing, 'it may be possible that the suit
13 can proceed as a class action with another representative….'" *Id.* at *2 (emphasis
14 added.)  Thus, under Ninth Circuit law, refusal to amend a complaint in order to
15 replace the named plaintiff in a putative class action is justified only if there has
16 previously been a holding that the named plaintiff lacked standing at the inception
17 of the suit. *See also Williams v. Boeing Co.*, 2005 WL 2921960, * 10 (W.D. Wash.
18 2005) ("In *Lierboe*, the district court initially certified a class, but it was
19 subsequently determined that the named plaintiff did not have a valid claim from
20 the outset of the litigation.")

21 Here, there has been no judicial determination that Plaintiff lacks standing.
22 The Court has not granted a motion to dismiss, as in *Spears*.  There was no grant of
23 summary judgment, as in *Williams*. 2005 WL 2921960, *7.  And the California
24 Supreme Court has certainly not held that Plaintiff Almeida has no claim under
25 California law, as in *Lierboe*.  Instead, Google points to an unsubstantiated, self-
26 serving interrogatory response that would be inadmissible hearsay in any
27 dispositive proceeding. Fed. R. Civ. Proc. 33(c) ("An answer to an interrogatory
28

— 3 —

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT (CV 08-02088 RMW)**

1  may be used to the extent allowed by the Federal Rules of Evidence."); *Knudesen*
2  *v. City of Tacoma*, 2008 WL 163667, *4 (W.D. Wash. 2008) (a party's own
3  interrogatory responses are inadmissible hearsay).

4      Google has had over a year to challenge Plaintiff's standing, but has thus far
5  failed to do so.  Google's contention that Plaintiff must affirmatively prove
6  standing in a motion for leave to amend is not only contrary to the law, it is
7  patently illogical.  Clearly, in order to proceed with an action, a plaintiff must have
8  standing.  This does not, however, mean that a plaintiff must prove that he has
9  standing at every turn during litigation.  That is not the way litigation works.  If a
10 defendant challenges a plaintiff's standing, then the plaintiff must meet that
11 challenge.  But even then, the extent of that burden depends on the stage of the
12 proceeding. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("[E]ach
13 element must be supported in the same way as any other matter on which the
14 plaintiff bears the burden of proof, i.e., with the manner and degree of evidence
15 required at the successive stages of the litigation.")

16     Had Google filed a motion for summary judgment, Plaintiff could "no
17 longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other
18 evidence 'specific facts,' Fed.Rule Civ.Proc. 56(e), which for purposes of the
19 summary judgment motion will be taken to be true." *Id*.  This, however, is not a
20 motion for summary judgment and Google cannot attempt to turn its opposition
21 into one. N.D. Cal. Civ. R. 7-2 ("[A]ll motions must be filed, served and noticed in
22 writing on the motion calendar of the assigned Judge for hearing not less than 35
23 days after service of the motion.").

24
25
26
27
28

— 4 —

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (CV 08-02088 RMW)**

## IV. GOOGLE DOES NOT DISPUTE THAT LEAVE TO FILE AN AMENDED COMPLAINT IS OTHERWISE IMPROPER

As noted above, Google's only argument in opposition to this motion is that leave to amend should be denied pursuant to *Lierboe*. Google does not address, and thus concedes, that leave to amend would otherwise be proper under the factors in *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir.1999). Given that Google has clearly misread the appropriate application of *Lierboe*, Plaintiff's motion should be granted.

## V. CONCLUSION

The holding in *Lierboe* does not apply absent a judicial determination that a plaintiff lacks standing. There has been no such determination here. As *Lierboe* is Google's only argument in opposition of Plaintiff's motion, Google concedes that leave to amend would otherwise be proper. Accordingly, Plaintiff requests the Court grant leave file a first amended complaint and to set a new case management conference.

Dated: October 16, 2009     By:     /s/
                                    Brian S. Kabateck
                                    Richard L. Kellner
                                    Alfredo Torrijos
                                    **KABATECK BROWN KELLNER LLP**
                                    *Counsel for Plaintiff David Almeida*

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (CV 08-02088 RMW)**