**United States District Court**
**For the Northern District of California**

E-FILED on   11/13/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID ALMEIDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C-08-02088 RMW<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND TO SET NEW CASE MANAGEMENT CONFERENCE<br><br>**[Re Docket No. 27]** |

Plaintiff David Almeida brings this suit, individually and on behalf of all others similarly situated, against Google, Inc. ("Google") alleging that certain aspects of the registration process for Google's AdWords advertising program is misleading. Plaintiff moves for leave to amend his complaint to substitute a new named plaintiff. Google opposes the motion on the grounds that plaintiff lacks standing and substitution is thus impermissible under *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003). The court heard argument on the motion on October 30, 2009. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court DENIES without prejudice plaintiff's motion for leave to amend and to set a new case management conference.

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND TO SET NEW CASE MANAGEMENT CONFERENCE—No. C-08-02088 RMW
LJP

# I. BACKGROUND

This suit arises out of certain aspects of the registration process for Google's AdWords advertising program. Plaintiff alleges that Google uses a misleading registration form and then charges customers for ads they do not want. After some discovery, it appears that Almeida had not used the allegedly deceptive form when he signed up for AdWords. The parties disagree about the proper way to proceed in light of this information.

### A.   Factual Allegations

Google operates an advertising program called AdWords, which allows advertisers to bid on words or phrases that will trigger advertisers' ads. Compl. ¶ 4. Google charges advertisers each time an internet user clicks on an ad, and each advertiser chooses a maximum cost per click ("CPC") bid that it is willing to pay for each click. *Id.* ¶¶ 3-4. Google offers advertisers two types of ads: search ads, which appear when internet users use Google's search engine to search for a specific term; and content ads, which are shown on third party websites with content matching the keywords bid on by the advertiser. *Id.* ¶ 11.

During the process of registering for the AdWords program, an advertiser sets its maximum daily budget and the maximum CPC bid. *Id.* ¶ 12. The advertiser is given two choices, the "Default CPC bid" and the "CPC content bid." *Id.* Next to the "CPC content bid" input is the word "optional." *Id.* Neither on this page nor anywhere in the registration process is there an option to opt out of content ads. *Id.* Thus, plaintiff alleges, advertisers who do not want to pay for ads placed on third party websites leave the "CPC content bid" input blank, reasonably believing that the word "optional" means having content ads placed on third party websites is optional. *Id.* ¶ 13. Google fails to inform advertisers that those who leave the "optional" input blank will still be charged for content ads. *Id.* ¶ 14. As a result, Google has charged advertisers millions of dollars for allegedly unwanted ads. *Id.*

Almeida enrolled in AdWords in November 2006. *Id.* ¶ 15.

### B.   Procedural History

This action was filed on April 22, 2008. Plaintiff served his initial discovery requests in October 2008. Declaration of Michael V. Storti Supp. Pl.'s Mot. ("Storti Decl.") ¶ 5. Google served

its Objections and Responses to Plaintiff's First Set of Interrogatories on December 5, 2008. *Id.* ¶ 7 & Ex. D. When asked when it first included a CPC Content Bid Input on the Signup Bidding Page, Google responded that it had first included such an input in or around October 2007. *Id.*, Ex. D at 4-5. This is almost a year after Almeida is alleged to have signed up for AdWords. Google sent plaintiff a verification of the December 5, 2008 interrogatory responses in May 2009. *Id.* ¶ 17 & Ex. J.

In June 2009, plaintiff sought Google's agreement to stipulate to an amended complaint, substituting Largo Cargo Co. as the class representative. *Id.* ¶ 13. The proposed first amended complaint alleges that the new plaintiff enrolled in AdWords in January 2008. *Id.*, Ex. A ¶ 16. The proposed amendments do not include new causes of action. *Id.* Google declined to stipulate to an amendment and stated that *Lierboe* required dismissal of the action. Declaration of David J. Silbert ("Silbert Decl.") ¶ 4; Storti Decl. ¶ 14. The parties subsequently attempted to stipulate to a dismissal but were unable to come to an agreement. Silbert Decl. ¶ 6 & Ex. D; Storti Decl. ¶ 18 & Ex. K-L. Plaintiff also unsuccessfully tried once more to get Google to stipulate to an amended complaint. Storti Decl., Ex. M.

## II. ANALYSIS

Plaintiff moves pursuant to Fed. R. Civ. P. 15(a) for leave to file a first amended complaint. Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." The propriety of a motion to amend is determined by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Id.*

Google does not argue that any of the four factors are present in this case. Rather, it argues that dismissal is compelled by the Ninth Circuit's holding in *Lierboe*. In *Lierboe*, the court vacated certification of a class after the sole named plaintiff was found to lack standing to bring the claims. 350 F.3d at 1022-23. The court then addressed the question "whether the suit must be dismissed without more, or if other proceedings may follow under which it may be possible that the suit can proceed as a class action with another representative." *Id.* at 1023. While recognizing the judicial

economy considerations in favor of allowing the case to continue, the court found persuasive the approach in *Foster v. Center Township of LaPorte County*, 798 F.2d 327, 244-45 (7th Cir. 1986), which dismissed a case where the sole named plaintiff never had standing and was never a member of the class she purported to represent. *Lierboe*, 350 F.3d at 1023. The court concluded that, "because this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss." *Id.* Thus, *Lierboe* stands for the proposition that where the original named plaintiff lacks standing, a new plaintiff with standing cannot step in to save the lawsuit from dismissal.[1]

No court has applied *Lierboe* in the context of a motion to amend, but *Lierboe* would seem to apply with equal force whether intervention of a new plaintiff is achieved by Rule 15 amendment or Rule 24. *See Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973) (finding plaintiff's motion to amend was actually a motion to intervene by additional plaintiffs and denying the intervention as improper); *Zapien v. Wash. Mut., Inc.*, 2008 U.S. Dist. LEXIS 67137 (S.D. Cal. June 17, 2008); *cf. Palmer v. Stassinos*, 236 F.R.D. 460, 465 (N.D. Cal. 2006) (finding the tolling rule for intervenors applied to new plaintiffs who sought to intervene "by way of [existing plaintiffs] amending their complaint"). In *Zapien*, the court found the named plaintiff lacked standing but granted leave to amend consistent with her representation that she would add additional factual allegations and add or substitute an additional class plaintiff. 2008 U.S. Dist. LEXIS 67137 at *5-6. The court deferred ruling on the propriety of the suggested substitution until the defendant moved to dismiss the amended complaint. *Id.* at *6. When the defendant brought its motion, the court dismissed the original plaintiff for failing once more to demonstrate standing. *Id.* at *8. The court then held that *Lierboe* barred the new named plaintiff from continuing the action. *Id.* at *10. Thus, even if plaintiff here satisfies the traditional standards for amending his complaint, Largo Cargo Co. could not continue this action if Almeida does not have standing.

---

[1] *Foster* did not address substitution or intervention of new plaintiffs. In *Foster*, the only issue was whether the named plaintiff could maintain her class claim while lacking standing personally. 798 F.2d at 244.

Plaintiff attempts to distinguish *Lierboe* on the grounds that it involved a judicial determination that the named plaintiff lacked standing. Here, plaintiff argues, Google has not challenged Almeida's standing except in its opposition to this motion for leave to amend, and the court has not made any findings regarding Almeida's standing. However, this attempt to amend appears designed specifically to avoid any such judicial determination. Indeed, plaintiff basically admits that "he was compelled to file the present motion" and unable to reach an agreement with Google because he did not want to stipulate that he lacked standing. Reply at 1-2.

Even with all inferences in favor of allowing amendment, the court cannot find on the current facts that plaintiff has standing and *Lierboe* does not apply. Notably, plaintiff has not reaffirmed that he has standing since Google served its interrogatory response. Rather, plaintiff suggests that further discovery is needed to verify the October 2007 date, Motion at 3:16-17, and challenges the evidentiary value of the interrogatory response, Reply at 3:25 to 4:3. Plaintiff also admits that he "can no longer satisfy the typicality requirement of FRCP 23(a)," Motion at 1:16, which seems to be a veiled admission that he lacks standing.

Plaintiff argues that he is not required to prove his standing at every turn during litigation, and Google cannot turn its opposition into a motion for summary judgment of standing. It makes no sense to force the parties to prepare and respond to a summary judgment motion on the standing of an individual who would no longer be a part of the action regardless of in whose favor the motion was decided. Thus, the court will require plaintiff to submit evidence sufficient to create an inference that he has standing, consistent with the standard for a motion to amend. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (holding that elements of standing must be supported "with the manner and degree of evidence required at the successive stages of the litigation"). If plaintiff does so, he can renew his motion to amend to substitute Largo Cargo Co. as named plaintiff.[2]

---

[2] Some courts have suggested that, prior to class certification, substitution of named plaintiffs is improper. *See, e.g.*, *Gonzalez v. Procter & Gamble Co.*, No. 06-869 (S.D. Cal. Aug. 31, 2006) (Docket No. 27) (denying leave to amend to substitute plaintiffs because it would amount to a new lawsuit); *Velazquez v. GMAC Mortgage Corp.*, 2009 U.S. Dist. LEXIS 88574 at *8-10 (C.D. Cal. Sept. 10, 2009) (distinguishing cases allowing substitution after class certification because a

United States District Court
For the Northern District of California

### III. ORDER

For the foregoing reasons, the court DENIES without prejudice plaintiff's motion for leave to file a first amended complaint and to set a new case management conference.

DATED: 11/13/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

---

certified class acquires a legal status separate from that of the named plaintiffs); *Miller v. Mercedez-Benz USA LLC*, 2009 WL 1393488 at *1 (C.D. Cal. May 15, 2009) (same). However, the cases denying leave to amend also found that amendment would prejudice the defendants. *Gonzalez*, slip op. at 5:5-12; *Velazquez*, 2009 U.S. Dist. LEXIS 88574 at *10-11. Here, there is no evidence that Google would be prejudiced by allowing a substitution of plaintiffs as opposed to requiring Largo Cargo Co. to file a new suit alleging no additional claims and requiring the same discovery with respect to Google's practices. *See Hackner v. Guar. Trust Co. of New York*, 117 F.2d 95, 98 (2d Cir. 1941) ("[W]e think this action can continue with respect to [the new plaintiff] without the delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are.").

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND TO SET NEW CASE MANAGEMENT CONFERENCE—No. C-08-02088 RMW
LJP                                                6

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

Brian Stephen Kabateck          bsk@kbklawyers.com
Michael Vincent Storti          ms@kbklawyers.com
Alfredo Torrijos                at@kbklawyers.com

**Counsel for Defendant:**

Alyse Deborah Bertenthal        abertenthal@kvn.com
Daralyn J. Durie                ddurie@durietangri.com
Ryan Marshall Kent              rkent@durietangri.com
Leo Patrick Norton              lnorton@cooley.com
David Jason Silbert             djs@kvn.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   11/13/09                              LJP
                                          **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND TO SET NEW CASE MANAGEMENT CONFERENCE—No. C-08-02088 RMW
LJP                                     7