# EXHIBIT B

Dockets.Justia.com

```
1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for Plaintiff
   David Almeida
```

FILED
2008 APR 22 A 11:47
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

ADR
E-FILING

Fee Paid
$1
(4)

By Fax

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID ALMEIDA, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

GOOGLE, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,

    Defendants.

CASE NO. C08 02088 HRL

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

    Plaintiff David Almeida ("Plaintiff"), individually and on behalf of the class described below, by his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief except as to allegations specifically pertaining to Plaintiff and his counsel, which are based on personal knowledge. Plaintiff brings this action for damages and injunctive relief against defendant, demanding a trial by jury.

CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1. Plaintiff brings this class action against Google, Inc. ("Google") to recover damages and other relief available at law and in equity on behalf of himself as well as on behalf of the members of the following class:

> *All persons or entities located within the United States who bid on a keyword though AdWords, left the "CPC content bid" input blank, and were charged for content ads.*

2. This action arises from Google's deceptive, fraudulent and unfair practice of tricking advertisers who seek on-line advertising through Google's AdWords program into bidding for a service that they do not want.

3. Google is commonly thought simply as an Internet search engine; in fact Google's business is online advertising. Google's business model is primarily dependent on linking individuals who are searching the internet with advertisers who pay Google (and others) for each time the linkage occurs. The Google Network is the largest online advertising network in the United States.

4. AdWords is Google's primary advertising program and is the main source of its revenue. Through AdWords, Google permits would-be advertisers to bid on words or phrases that will trigger the advertisers' ads. AdWords is premised on a pay-per-click ("PPC") model, meaning that advertisers pay only when their ads are clicked. As part of the AdWords bidding process, therefore, advertisers must set a maximum cost per click ("CPC") bid that the advertiser is willing to pay each time someone clicks on its ad. When an advertiser is choosing its CPC bid, it is also given the "option" of entering a separate bid for clicks originating from Google's "content network" which consists of sites that are not search engines. These content network sites are those that use AdSense, the other side of the Google advertising model.

5. This action arises from the fact that Google does not inform its advertisers that if they leave the content bid CPC input blank, Google will use the advertiser's CPC bid for clicks occurring on the content network. Google does this despite the fact that ads

placed on the content network are demonstrably inferior to ads appearing on search result pages. Because there is no option to opt out of content ads during the AdWords registration process, advertisers reasonably believe that by leaving the content ad CPC input blank they can opt out of having their ads placed on the content network. Google, however, has charged and continues to charge those advertisers who leave content ad CPC input blank for content ads on third party websites.

## PARTIES

6. Plaintiff David Almeida ("Plaintiff") is a resident of Essex County, Massachusetts and citizen of Massachusetts. Plaintiff has previously registered for an AdWords account as more particularly described herein and has also previously been charged for content ads as more particularly described herein.

7. Plaintiff is informed and believes and thereon alleges that defendant Google, Inc. ("Google") is a Delaware Corporation doing business in the state of California. Plaintiff is informed and believes and thereon alleges that there is no one state where Google conducts a substantial predominance of its business, making its principal place of business the state where it is headquartered. Network Solutions' headquarters – and, thus, its principal place of business – are located at 1600 Amphitheatre Parkway, Mountain View, California. Accordingly, Defendant Google is a citizen of Delaware and California.

8. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

— 3 —
CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

9. This Court has diversity subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d) in that this is a civil action filed under Rule 23 of the Federal Rules of Civil Procedure and members of the class of Plaintiffs are citizens of a State different from defendant Google, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2), (6).

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that: (1) Google resides in this judicial district; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (3) Google is subject to personal jurisdiction in the Northern District of California.

## FACTUAL BACKGROUND

11. Google offers advertisers two types of ads. The first is a search ad. When an Internet user uses Google to search for a specific term or term, Google will display the ads of advertisers who have bid for those particular keywords. The second type of ad is contextual based ads, or content ads. These ads are shown on third party websites that have content that matches the keywords bid on by the advertiser. For example, an ad for a hardware store may be shown on a website that has content about home improvement projects.

12. In order to advertise with Google, advertisers must register with AdWords, Google's advertising program. The process of registering with AdWords involves an online process that begins by clicking on the "Advertising Programs" link on Google's homepage. After selecting to register with AdWords and the desired version, the advertiser moves to the initial step of the sign-up process. First, the advertiser selects the target language and geographic location. Then, the advertiser creates the ad that will be placed on Google's website or on third party websites and selects the desired keywords. The advertiser then selects the maximum daily budget and the maximum CPC bid. Here,

— 4 —
**CLASS ACTION COMPLAINT**

1  the advertiser has two choices, the "Default CPC bid" and the "CPC content bid". Next
2  to the "CPC content bid" input is the word "optional".
3      12.    Nowhere on this page, or anywhere in the registration process, is there the
4  option to opt-out of content ads.
5      13.    Advertisers who do not want to pay for ads placed on third party websites,
6  therefore leave the "CPC content bid" input blank, reasonably believing that the word
7  "optional" means that having content ads placed on third party websites is optional.
8      14.    Google, however, fails to inform that an advertiser who leaves this
9  "optional" input blank will nonetheless be charged for third party content ads. By
10 redefining the universally understood meaning of an input form left blank, and then
11 intentionally concealing this redefinition, Google has fraudulently taken millions of
12 dollars from Plaintiff and the members of the class.
13     15.    Plaintiff enrolled in AdWords in November 2006. Plaintiff created an
14 advertising campaign for his private investigation business. Plaintiff set the desired bids
15 for his ads, and, not wanting to pay for ads placed on third part content sites, left the CPC
16 content bid input blank. Plaintiff, like any reasonable consumer, expected that leaving an
17 input blank would indicate that he did not want to bid on content ads. This expectation
18 was supported by the fact that Plaintiff was not given the option of opting out of content
19 bids during the advertising campaign creation process.
20     16.    Despite leaving the CPC content bid input blank, Google charged Plaintiff
21 for unwanted third party content ads.

## CLASS ALLEGATIONS

    13.    <u>Description of the Class</u>: Plaintiff brings this nationwide class action on behalf of himself and the Class defined as follows:

> *All persons or entities located within the United States who bid on a keyword though AdWords, left the "CPC content bid" input blank, and were charged for content ads.*

— 5 —
**CLASS ACTION COMPLAINT**

Case5:08-cv-02088-RMW   Document42-2   Filed02/22/10   Page7 of 14
Case 5:08-cv-02088-RMW   Document 1-3   Filed 04/22/2008   Page 6 of 13
T-782   P.012/019   F-295

14. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

15. Plaintiff reserves the right to modify the class description and the class period based on the results of discovery.

16. <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of class members is at least in the hundreds of thousands and that the members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the court.

17. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to the representative Plaintiff and the proposed Class, and those questions substantially predominate over any individualized questions that may affect individual class members. Common questions of fact and law include, but are not limited to, the following:

   a. Whether Google charges for advertisements placed on third party websites when the "optional" CPC content bid input is left blank, and whether Google discloses this material fact to consumers;

   b. Whether Google failed to disclose that when the "optional" CPC content bid input is left blank, Google will still charge for ads placed on third party websites;

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

  c. Whether or not Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

  d. Whether Google engaged in unfair, unlawful and/or fraudulent business practices; and

  e. Whether Google failed to disclose material facts about the subject Google Adwords program.

 18. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they were charged for ads although they also left the "optional" CPC content bid blank..

 19. <u>Adequacy of Representation</u>:  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interests adverse to those of the proposed Class.

 20. <u>Superiority of a Class Action</u>:  Plaintiff and the members of the Class have suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy as individual joinder of all members of the Class is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of

— 7 —
**CLASS ACTION COMPLAINT**

1 all class members' claims in a single forum. The conduct of this action as a class action
2 conserves the resources of the parties and of the judicial system, and protects the rights of
3 the class member. Furthermore, for many, if not most, Class members, a class action is
4 the only feasible mechanism that allows an opportunity for legal redress and justice.

5     21. Adjudication of individual Class members' claims with respect to the
6 Defendant would, as a practical matter, be dispositive of the interests of other members
7 not parties to the adjudication and could substantially impair or impede the ability of
8 other Class members to protect their interests.

## FIRST CAUSE OF ACTION
## UNJUST ENRICHMENT

12     22. Plaintiff realleges the preceding paragraphs as if fully set forth herein and,
13 to the extent necessary, pleads this cause of action in the alternative.

14     23. Through the actions described above, Google has received money
15 belonging to Plaintiff and the Class through the fees collected from ads placed on third
16 party content sites when a reasonable advertiser would have believed that leaving the
17 CPC content bid input blank meant that they would not be charged for content ads.

18     24. Additionally, Google has reaped substantial profit by concealing the fact
19 that when left blank, the "optional" CPC content bid would be set at an amount that could
20 reach the amount bid for the search bid. Ultimately, this resulted in Google's wrongful
21 receipt of profits and injury to Plaintiff and the Class. Google has benefited from the
22 receipt of such money that it would not have received but for its concealment.

23     25. As a direct and proximate result of Google's misconduct as set forth above,
24 Google has been unjustly enriched.

25     26. Under principles of equity and good conscience, Google should not be
26 permitted to keep the full amount of money belonging to Plaintiff and the Class which
27 Google has unjustly received as a result of its actions.

28     WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION

### FRAUDULENT CONCEALMENT

27. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

28. Google knew at all material times that when an advertiser left the "optional" CPC content bid input blank, that advertiser would still be charged for content ad placed on third party websites. These facts were not known to Plaintiff and the Class.

29. Google had a duty to disclose the above known material facts because it knew that these material facts were unknown to Plaintiff and the Class, that Google was in a superior position of knowledge with regard to its own technology, and Google chose to make certain representations that presented only a part of the true story and misled consumers about the subject products.

30. Google's knowledge that advertisers would be charged for content ads placed on third party websites even when they left the "optional" CPC content bid input blank, combined with Google's knowledge that Plaintiff and the Class relied or relies upon Google to communicate the true state of facts relating to its AdWords program creates a legal obligation on Google's part to disclose to Plaintiff and the Class that leaving the "optional" CPC content bid input blank did not mean that they were not subject to charges for ads placed on third party websites.

31. Google intentionally concealed and/or suppressed the above facts with the intent to defraud Plaintiff and the Class.

32. Plaintiff and the Class were unaware of the above facts and would not have acted as they did if they had known of the concealed material facts.

33. Google's concealment of the above facts has caused damage to Plaintiff and the Class in an amount to be shown at trial.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

# THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200 ET SEQ.

34. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

35. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

36. Class members have suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

37. Google's actions as alleged in this complaint constitute an unfair or deceptive practice within the meaning of California Business and Professions Code sections 17200 *et seq.* in that Google's actions are unfair, unlawful and fraudulent, and because Google has made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500 *et seq.*

38. Google's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are not informed that they will be charged for ads placed on third party websites even though the "optional" CPC content bid input was left blank.

39. Google's business practices, as alleged herein, are unlawful because the conduct constitutes fraudulent concealment, as well as the other causes of action herein alleged.

40. Google's practices, as alleged herein, are fraudulent because they are likely to deceive consumers.

41. Google's wrongful business acts alleged herein constituted, and constitute, a continuing course of conduct of unfair competition since Google is marketing and selling their products in a manner that is likely to deceive the public.

42. Google's business acts and practices, as alleged herein, have caused injury to Plaintiff, the Class and the public.

43. Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the class seek an order of this court enjoining Google from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint. Plaintiff and the Class also seek an order requiring Google to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the proposed Class request that the court enter an order or judgment against Defendant as follows:

1. Certification of the proposed Class and notice thereto to be paid by Defendant;
2. Adjudge and decree that Defendant has engaged in the conduct alleged herein;
3. For restitution and disgorgement on certain causes of action;
4. For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;
5. For compensatory and general damages according to proof on certain causes of action;
6. For special damages according to proof on certain causes of action;
7. For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;
8. Costs of the proceedings herein;
9. Reasonable attorneys fees as allowed by statute; and

10. Any and all such other and further relief that this Court may deem just and proper.

Dated: April 22, 2008

KABATECK BROWN & KELLNER, LLP

By: _____
BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS
*Attorneys for Plaintiff and proposed class*

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action.

Dated: April 22, 2008

KABATECK BROWN & KELLNER, LLP

By: _____
BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS
*Attorneys for Plaintiff and proposed class*