**E-FILED on** ___4/1/10___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID ALMEIDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C-08-02088 RMW<br><br>ORDER DISMISSING COMPLAINT FOR LACK OF STANDING<br><br>**[Re Docket No. 39]** |

Defendant Google, Inc. ("Google") moves to dismiss plaintiff David Almeida ("Almeida")'s complaint for lack of subject matter jurisdiction. For the reasons set forth below, the court grants the motion.

## I. ANALYSIS

Almeida alleges that he and others like him were defrauded by a misleading registration process for Google's AdWords advertising program. Compl. ¶¶ 11-16. In particular, Almeida alleges that the registration process is misleading because Google does not inform advertisers that if they leave a particular field (the CPC Content Bid Input field) blank, they will nonetheless be charged for content ads on third party websites. *Id.* at ¶ 5. Almeida enrolled in AdWords in

1  November 2006. *Id.* at ¶ 15. According to Google's verified interrogatory responses, however,
2  Google only began using a CPC Content Bid Input field as part of the registration process in or
3  around October 2007, almost a year after Almeida allegedly signed up for AdWords. Dkt. No. 28
4  Exs. D, J.

5  Based on these facts, it appears that Almeida lacks standing to bring suit. For this reason, the
6  court denied without prejudice plaintiff's motion for leave to amend and required plaintiff to submit
7  evidence sufficient to create an inference that he has standing before renewing his motion to amend.
8  Nov. 13, 2009 Order at 5. Almeida has not submitted any evidence to show that he has standing. In
9  fact, plaintiff does not oppose this motion to dismiss, except that it contends dismissal should be
10 without prejudice. Since plaintiff has failed to establish standing to bring suit, the court lacks
11 subject matter jurisdiction over his claims and must dismiss the suit. *Cetacean Cmty. v. Bush*, 386
12 F.3d 1169, 1174 (9th Cir. 2004).

13 The only question that remains is whether dismissal should be with or without prejudice.
14 Generally, dismissal for lack of subject matter jurisdiction should be without prejudice because "a
15 judge ordering a dismissal based upon lack of subject matter jurisdiction 'retains no power to make
16 judgments relating to the merits of the case.'" *Wages v. Internal Revenue Service*, 915 F.2d 1230,
17 1234 (9th Cir. 1990) (quoting *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985)).
18 However, when dismissal is based on plaintiff's lack of standing, and it is "plainly unlikely that the
19 plaintiff [will be] able to cure the standing problem," dismissal with prejudice has been found
20 appropriate. *Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1258
21 (E.D. Wash. 2004) (quoting *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1385 (Fed. Cir.
22 2002)). In this case, it is plainly unlikely that Almeida will be able to cure his lack of standing.
23 Hence, the court finds that dismissal with prejudice is appropriate.

## II. ORDER

25 For the foregoing reasons, the court dismisses Almeida's complaint with prejudice.

DATED:     4/1/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DISMISSING COMPLAINT FOR LACK OF STANDING—No. C-08-02088 RMW
CCL                                              2

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Alfredo Torrijos | at@kbklawyers.com |
| Brian Stephen Kabateck | bsk@kbklawyers.com |
| Michael Vincent Storti | ms@kbklawyers.com |

**Counsel for Defendant:**

| | |
|---|---|
| Daralyn J. Durie | ddurie@durietangri.com |
| David Jason Silbert | djs@kvn.com |
| Ryan Marshall Kent | rkent@durietangri.com |
| Alyse Deborah Bertenthal | abertenthal@kvn.com |
| Christa M. Anderson | canderson@kvn.com |
| Leo Patrick Norton | lnorton@cooley.com |
| Rebekah Leigh Punak | rpunak@kvn.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   4/1/10

CCL
**Chambers of Judge Whyte**